GLOVER'S ADMINISTRATORS, Defendants in Error, *vs.* DUHLE, Plaintiff in Error.

1. It is error to instruct a jury to presume one fact from another fact proved, unless the presumption is one which the law raises.

*Error to Cole Circuit Court.*

*Edwards*, for plaintiff in error.
*Gardenhire*, for defendants in error.

RYLAND, Judge, delivered the opinion of the court.

The administrators of Glover sued Duhle on a note before a justice of the peace, and recovered judgment, from which the defendant appealed. On the trial in the Circuit Court, the defendant relied upon payment as a defence. He introduced evidence, that after he had given the note to Glover, he had worked for Glover, and Glover had paid him for his work. The court gave to the jury two instructions, the first of which is in these words : "If, after the execution of the note sued upon, Glover employed Duhle to work for him and paid him for it, *it* is *sufficient* evidence to authorize a verdict for defendant."

1. This little case presents a form of instruction which is continually coming before this court, and which is improper. Whenever a fact is, by law, presumed from another fact, it is the province of the court to tell the jury that, the first fact being found by them, the other fact presumed by the law is to be

Glover's Adm'r *v.* Duhle.

taken to exist.   But whenever the fact in dispute is attempted to be proved by the proof of circumstances, from which the law draws no conclusion as to the disputed fact, the sufficiency of the circumstances to establish the main fact, is entirely a question for the jury.   In this case, it was not a presumption of law that the note was paid, because Glover employed the defendant to work for him after the note was given, and paid him for his work, although those circumstances might be very strong evidence of the fact.   The instruction which told the jury that such circcumstances were sufficient evidence to authorize a verdict for the defendant, was an instruction calculated to mislead the jury, by giving them the idea that the law required such conclusion from the facts proved.

It is true that the instruction only says that the facts stated authorized a verdict for the defendant; yet that, coming from the court as an instruction, would be understood as a declaration of law that, from certain facts, a certain conclusion must be drawn.   It has become a practice in some courts, to string together in an instruction, certain facts culled from the mass to which the evidence applies, and to tell the jury that, if they believe those facts, " they may find," or " they are warranted in finding" a verdict for the party asking the instruction, or they may find a certain other fact which is in dispute.   If a verdict for the party asking the instruction is a legal consequence of the facts stated, or the main fact in dispute is one presumed by the law from the facts stated, then let the jury be so told, and the instruction will be really an instruction on the law.

In the present case, where the evidence is all on one side, and the circumstances relied on to prove payment are strong, the jury might have been trusted to draw their own conclusions on the question of payment from the facts in evidence. The judgment is, with the concurrence of Judge Gamble, reversed, and the cause remanded.