MATHIAS SCHULTER, *et al.*, Trustees of MRS. MARY E. SCHROE-DER, Respondents, *vs.* THE MERCHANTS' MUTUAL INSURANCE COMPANY, Appellant.

1. *Insurance policy—False swearing, what will avoid.*—The false swearing, which will forfeit a claim on an insurance policy, must be either in the submission of preliminary proofs of loss, or in the examination to which, according to the terms of the policy, the assured may be subjected.

2. *Insurance—False swearing of assured—Discrepancy between "proof of loss" and amount sworn to at trial—Instructions—Presumptions, etc.*—If there be a difference claimed under a policy of insurance and that sworn to by the assured himself on the trial, or established by the uncontradicted evidence in the cause, it is a question for the jury, whether, under all the circumstances, the discrepancy is the result of accident, or mistake, or fraudulent intent, of the assured. To forfeit his rights, the swearing must be not only false but fraudulent; and the discrepancy, although unexplained, will not raise the presumption that the latter is the case.

And an instruction, that if the jury found a difference between the amount of loss sworn to in plaintiffs' proof of loss and the amount of loss proven on trial, in the absence of explanatory evidence they should find for defendant, was held bad for the above reasons, and also because the court could not declare what amount had been proved at the trial, where the testimony was conflicting and because such instruction might warrant the jury in finding for defendant, if they ascertained the loss proven to be in fact less than that claimed in proof of loss.

*Appeal from St. Louis Circuit Court.*

· *E. T. Farish*, for Appellant, cited Hoffman vs. The Western M. & F. Ins. Co., 1 La. An., 216.

*Cline, Jamison & Day, with Peacock & Cornwell*, for Respondents.

HOUGH, Judge, delivered the opinion of the court.

This was an action on a policy of insurance issued by the defendant, insuring the plaintiffs' stock of wines and liquors against loss and damage by fire, to the amount of three thousand dollars

'Plaintiffs had other insurance on the same property, to the amount of six thousand dollars, which was permitted by the policy.

It was alleged in the petition, that the property insured had been lost and damaged by fire to the amount of $7,657.75,

and judgment was prayed against the defendant for the sum of $2,552.18, that being the proportion of the entire loss for which, it was alleged, the defendant was liable under the terms of the policy.

The defendant pleaded specially, that by the terms of the policy, all fraud, or attempt at fraud, by false swearing or otherwise, should cause a forfeiture of all claim upon the company under said policy, and that plaintiffs had forfeited all right and claim thereunder, by reason of fraud and false swearing in making the proofs of loss after the fire.

In the proof of loss made by the plaintiffs they claimed to have been damaged in the sum set out in the petition, and the testimony introduced by them at the trial tended to show that their loss was about that sum.

The testimony introduced by the defendant tended to show that plaintiffs' loss was about twenty-seven hundred dollars.

There was a verdict and judgment for the plaintiffs for the sum of $2,692.88, which was affirmed at General Term.

The following instruction was given, among others, for the defendant:

"The jury are instructed, that if they believe from the evidence that the policy sued on contained a provision that all fraud, or attempt at fraud, by false swearing or otherwise, shall cause a forfeiture of all claims under the policy, and that, if they further believe from the evidence that plaintiffs have fraudulently offered to defendant proofs of loss under the policy, containing material statements in regard to their loss under said policy, which the plaintiffs knew to be false at the time the same were offered, they will find for defendant."

The defendant assigns as error the refusal of the trial court to give the following additional instruction on this subject:

"If the jury believe from the evidence that there is a difference between the amount of loss sworn to in plaintiffs' proof of loss and the amount of loss proven at the trial, such difference is presumptive evidence of fraud and false swearing; and in the absence of satisfactory explanation, showing

that such difference is the result of error, and not of an intention to defraud, the jury are instructed that such false swearing was a forfeiture of all claims by the assured under the policy sued on, and they will find for the defendant."

The only authority, to which we have been referred in support of this instruction, is the case of Hoffman vs. The Western Marine and Fire Ins. Co. (1 La. An., 216.) The judge delivering the opinion of the court in that case, in affirming the charge given at the trial, used the following language: "We think the course of the judge was substantially correct. His charge, as a whole, substantially amounts to this: that the jury will consider whether the discrepancy between the account sworn to and the value, as proved at the trial, is to be fairly attributed to an intention to defraud the insurer, or to an innocent error on the part of the assured; that the burden of explanation is on the plaintiff; and that if the descrepancy be unexplained to the satisfaction of the jury, upon a fair consideration of the whole evidence, it imposes upon the assured a forfeiture of all claims by virtue of this policy."

The facts to which this ruling was applied, so far as we are able to ascertain them from the meagre statements embodied in the opinion of the court, were materially different from the facts in this case. There, if we correctly understand the case, a very great discrepancy existed between the amount sworn to in making the proof of loss, and the amount claimed in the account on which suit was brought. Here the amount alleged in the petition to have been lost by the plaintiffs in this case, is the amount sworn to in their proof of loss.

But apart from this consideration, we cannot yield our assent to the principle of the charge, even as applied in that case. The false swearing, which will forfeit plaintiffs' claims under the policy, must be either in the submission of preliminary proofs of loss, or in the examination to which, according to the terms of the policy, the assured may have been subjected. If there be a difference between the amount so claimed, and that sworn to by the assured himself on the trial, or established by the uncontradicted testimony in the cause, it is a question for the jury to determine, from all the circumstances

of the case, whether the discrepancy was the result of accident, of honest error, or fraudulent intent on the part of the plaintiff in making the proof of loss; and there is no presumption of law or fact, arising from the absence of satisfactory explanation of such discrepancy, that the plaintiff has, for a fraudulent purpose, sworn falsely in making his preliminary proof. It must be borne in mind, that no false swearing will forfeit the rights of the assured, unless it also be fraudulent. From the mere fact that two oaths have been made by the same person on the same subject, both of which cannot be true, no presumption arises that either of them was willfully and corruptly made; and if there were, there would certainly be no presumption as to which one was so willfully and corruptly made. (Beck vs. Germania Ins. Co., 23 La. An., 510; Marion vs. The Great Republic Ins. Co., 35 Mo., 148; Phœnix Ins. Co. vs. Manday, 5 Cold., 548; Ins. Companies vs. Weides, 14 Wall., 375; Glover's Adm'r vs. Duhle, 19 Mo., 360.)

Where, as in the present case, the testimony as to the amount of the loss is conflicting, the court cannot declare what amount has been proved at the trial, and the instruction was properly refused for that reason. But if by the words "the amount of loss proven at the trial" be meant such sum as the jury may find from the conflicting testimony to have been proven, then the instruction is equivalent to telling the jury that, in the event they find from the evidence that the amount of the loss is less than the amount claimed in the proof of loss, they will find for the defendant, a proposition, which it needs no argument to demonstrate, is utterly indefensible.

The instruction, which was given by the court in reference to the alleged fraud and false swearing of the plaintiffs, presented that question fully and fairly to the jury, and we think the court committed no error in refusing to give the additional instruction asked by the defendant on that subject.

The judgment will be affirmed. All the other judges concur, except Judge Vories, who is absent.