JOHN HALL, Respondent, v. THE WESTERN
UNDERWRITERS' ASSOCIATION, Appellant.

Kansas City Court of Appeals, April 25, 1904.

1. **INSURANCE: Fraud and False Swearing: Instruction.** A pol-
icy of insurance was to be void if the insured resorted to fraud
or false swearing touching any matter relating to insurance or
the subject thereon. An instruction directed the jury to find
for the defendant if they believed the insured had willfully and
falsely stated his loss largely in excess of what he knew it to
be and had done so for the purpose of deceiving and defrauding
the insurer. *Held,* a true statement of the law.

2. ———: ———: **Standing in Court: Severable Items.** An in-
sured resorting to fraud and false swearing has no standing in
a court of justice and can not collect any part of his claim;
and it makes no difference that the different articles of prop-
erty of different valuations are severable and the fraudulent
claim is as to one of such articles.

Appeal from Jackson Circuit Court.—*Hon. James
Gibson,* Judge.

REVERSED AND REMANDED (*with directions*).

*Fyke Bros., Snider & Richardson* for appellant.

The court erred in sustaining plaintiff's motion for
new trial. Defendant's third instruction was properly
given. Browne v. Ins. Co., 68 Mo. 137; Fink v. Ins. Co.,
60 Mo. App. 673; Wood v. Ins. Co., 126 Mass. 316; Ins.
Co. v. Vaughan, 14 S. E. 754; Weide v. Ins. Co., 1 Dillon
(Va.) 441; Doloff v. Ins. Co., 82 Maine 266; Claflin v.
Ins. Co., 110 U. S. 81; Linscott v. Ins. Co., 88 Maine 497;
Sleeper v. Ins. Co., 56 N. H. 401; Sash & Door Co. v.
Gough, 81 Mo. App. 440.

*I. J. Ringolsky* for respondent.

(1)   In the giving the instruction, the court below held it erred.  This is the only point urged for reversal by appellant in this court, and the only point this court will pass upon.  Bauer v. School District, 78 Mo. App. 442.  (2)  That acts on the part of the assured may avoid the policy as to one item and the policy be enforcible as to other items covered by it, notwithstanding the policy recites that such an act on the part of the assured shall avoid the "entire" policy.  Trabue v. Ins. Co., 121 Mo. 75; Stephens v. Ins. Co., 61 Mo. App. 194; Door Co. v. Mahon, 81 Mo. App. 448; Stamping Co. v. Ins. Co., 1 Misc. Rep. (N. Y.) 114; Ins Co. v. Barker, 6 Colo. App. 535; Ins. Co. v. Bank, 71 Miss. 607; Ins. Co. v. Luckett, 34 S. W. (Tex.) 175.  (3) In the States of Maine and New Hampshire the courts have decided that a policy covering two or more items of property is not "severable" or "divisible."  That such a policy is an entire single contract to stand or fall as a whole.  Hence the decisions of the Supreme Courts of Maine and New Hampshire, cited by appellant in its brief, being in direct conflict with the decisions of the Supreme Court of Missouri in the case of Trabue v. Ins. Co., 121 Mo. 75, can not be followed by this court or considered as persuasive by this court in determining the questions involved in the case at bar.  Barnes v. Ins. Co., 51 Maine 110; Doloff v. Ins. Co., 82 Maine 266; Baldwin v. Ins. Co., 60 N. H. 422; Sleeper v. Ins. Co., 36 N. H. 401.  (4)  That the instruction given by the court is erroneous by analogy, we call the court's attention to the fact that in this State where a chattel mortgage is given to creditors by an insolvent debtor covering a stock of merchandise and fixtures, the same can be found fraudulent as to the merchandise and valid as to the fixtures.  This has frequently been declared as the law in this State.  And an instruction to a jury failing to recognize this divisibility of a chattel mortgage when attacked by creditors,

has been held error.   Bullene v. Barrett, 87 Mo. 185; Donnell v. Byers, 69 Mo. 468.

ELLISON, J.—Plaintiff held defendant's policy of fire insurance whereby defendant insured him against loss in the destruction by fire of his stock of merchandise and the store fixtures.   The verdict was for the defendant in the trial court; but on motion of plaintiff a new trial was granted on the ground that the court erred in giving an instruction relative to the fraud charged against plaintiff.   Defendant thereupon appealed.

The policy contained a provision that, "any fraud or false swearing by the insured touching any matter relating to the insurance or the subject thereof, whether before or after the loss," should avoid the policy. Plaintiff's sworn claim of loss set out, separately, the amount of loss on the stock and the fixtures and then made his claim in one total sum.

The stock of merchandise and the fixtures, though included in the one policy, were insured for separate and different amounts.   The instruction given by the court at the request of the defendant, which the court afterwards thought erroneous, directed the jury to find for the defendant if they believed from the evidence that plaintiff had willfully and falsely stated his loss largely in excess of what he knew it to be, and that he made such statement willfully for the purpose of deceiving and defrauding defendant.

We are of the opinion that the trial court's first conclusion was correct and that the instruction embodied a true statement of the law.   Doloff v. Ins. Co., 82 Maine 266; Claflin v. Ins. Co., 110 U. S. 81; Linscott v. Ins. Co., 88 Maine 497; Sleeper v. Ins. Co., 56 N. H. 401; Sash & Door Co. v. Gough, 81 Mo. App. 440; Browne v. Ins. Co., 68 Mo. 133, 137.

The plaintiff, by the verdict, stands convicted of willful false swearing as to the amount of his loss with

the intent and purpose of deceiving and defrauding the defendant. In such circumstances, he has no standing in a court of justice and can not receive the aid of the courts to collect any part of his claim. If he be allowed to collect the true amount of his loss, then he would run no risk in attempting to perpetrate his fraud and there would be no punishment whereby he, and others, might be deterred from like attempts.

But is urged that in this State, contracts of insurance, if on different articles of property, on different valuations, are severable, and that where the fraudulent claim is as to one of the articles, it may be separated from the claim for the other articles, though the whole claim is joined in one total sum. The cases of Trabue v. Ins. Co., 121 Mo. 75 and Koontz v. Ins. Co., 42 Mo. 126, are cited in support of that contention. Neither of the cases have application to the question in the case at bar. The Trabue case decides that where a building and its contents are insured separately in the same policy it is not avoided as to the contents by reason of a forfeiture as to a change of title of the realty. The Koontz case decides that a false warranty as to incumbrances on a building would not avoid a policy as to personal property therein, which was separately valued and insured, when it was not shown that the representation as to the incumbrances on the building formed an inducement to the issuance of the policy.

We do not understand how the fact that in this State different kinds of property, separately valued and insured in one policy, may be considered as severable in certain instances, can effect the consequences of plaintiff's violating the general law against fraud as well as his contract embraced in the policy.

The judgment will be reversed and the cause remanded with directions to reinstate the verdict and enter judgment for defendant. All concur.