# N. A. AREL, Respondent, v. FIRST NATIONAL FIRE INSURANCE COMPANY, Appellant.

**Springfield Court of Appeals, December 22,. 1916.**

1. **INSURANCE: Fire Insurance: Proof of Loss: False Affidavit in: Forfeiture.** Action on a fire insurance policy which contained a provision that the policy should be void in case of any fraud or any false swearing by the insured either before or after the loss. There could be no recovery where plaintiff admitted in his testimony that the sworn proof of loss was false as to the claimed damage on a boiler which he had included in the list, plaintiff also admitting that he knew at the time he made the proof of loss that there was no damage to the boiler.

2. ———: **False Affidavits: Forfeiture of Policy.** False and fraudulent swearing as to any matter in an insurance policy avoids the entire policy.

3. **TRIAL ·PRACTICE: Verdict: Directing: When Court Should Direct Verdict.** Where plaintiff's own statement of the facts, which is uncontroverted, shows that he is entitled to no relief, it is the duty of the trial court to direct a verdict for defendant.

Appeal from Greene County Circuit Court, Division Number Two.—*Hon. Arch A. Johnson,* Judge.

REMANDED ·(*with directions*).

*John Schmook* and *Hogsett & Boyle* for appellant.

*Walker & Musgrave* and *G. G. Lydy* for respondent.

FARRINGTON, J.—Respondent Arel brought suit to collect the amount of insurance named in a fire insurance policy issued by the defendant on the machinery and equipment of a steam laundry in Springfield. He did not own the building in which the laundry was operated. The policies taken out by him, one with the defendant, covered only the machinery and equipment used in the Laundry. the description of the property insured as set forth in the policy being as follows:

. "$1,550 on laundry machinery, fixed and movable, and its spare parts, including boiler, engine, smokestack, wringers, drying room, ironing machines, starching machines, mangles, collar, cuff and other machines, washing machines, shafting, gearing, pulleys, hangers, steam and water pipes and the fittings and fixtures, tools of trade, tables, shelving, sewing machines, racks and supplies, office furniture and fixtures and supplies as are usually used in steam laundries; all while contained in the two-story brick and stone building and its additions adjoining and communicating, and situated at 213 South Market Street, Springfield, Missouri.

 · "$50. on soap, starch, paper, twine and other laundry supplies while contained in the above described building."

A number of defenses were set up in the answer, to-wit: That plaintiff caused the insured property to be set afire, fraud in the procurement of the policy; that plaintiff in the proof of loss made after the fire had intentionally, wilfully, falsely and fraudulently over-valued the goods and property lost and damaged by the fire and the extent of the loss by said fire; that his proof of loss contained representations as to articles which were lost or damaged by reason of the fire when in fact such articles so claimed by him as lost or damaged were not damaged at all by said fire and that the plaintiff knew when when he made up his proof of loss that some of the articles which he claimed were totally destroyed and lost by the fire were in fact not damaged by reason of the fire in any particular.

The court admitted testimony in support of the defenses, much of which need not be detailed in disposing of the case under the view we take.

At the close of plaintiff's evidence in chief the trial court sustained a demurrer to the evidence and rendered a judgment in favor of the defendant so far as plaintiff Arel was concerned. The Drovers' Bank of Springfield was a party plaintiff below and the court rendered a judgment in its favor on account of an interest the bank had in the property insured by reason of a chattel

mortgage, but the judgment as to the bank is not included in this appeal,

Plaintiff filed a motion for a new trial which the court sustained for the reason that the court concluded it had erred in sustaining the demurrer to plaintiff's evidence. It is from the order granting plaintiff a new trial that defendant has appealed to this court.

We are of the opinion that the plaintiff's documentary evidence supported by his own testimony defeats any recovery under this policy and we will refer to such of his evidence as is vital to the case.

As stated, the property insured was machinery and equipment of a laundry plant, plaintiff not owning the building in which it was operated. The clause in the policy covering the property covered it as laundry machinery, enumerating the various articles making up such a plant.

The following clause was in the policy:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; *or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.*" (We have italicized that portion relied on herein as a defense.)

The proof of loss sworn to by the plaintiff and filed with the insurance company contained the following statement with reference to the loss and the property damaged:

"The actual cash value of each specific subject thus situated and described by the aforesaid policy at the time of loss and the actual loss and damage by said fire to the same, as shown by annexed schedule, and for which claim is hereby made, was as follows:  . . ."

Attached to this and made a part thereof the plaintiff furnished a list of the various articles owned by him and covered by the policy. Opposite each article he

placed the value thereof. The first item appearing on this list is:

"One 40 H. P. boiler with injector and
    appurtenances, .................... $750.00"

There was much testimony by the witnesses as to the extent of the loss and the value of the property. However, not one testified that there was any damage whatever to this boiler, for the reason that it was in a part of the building that was not reached by the fire. After the fire, straw and shavings were found on the floor around the boiler which had not been ignited. But the plaintiff after a long examination and cross-examination, when questioned by the trial judge, testified as follows:

"*By the Court*: Q. Mr. Arel, tell the court and the jury what effect the fire had on the boiler connected with your place of business. A. The cause of the fire directly wasn't very great on the boiler as far as the fire is concerned. That's what you want to know, isn't it? Q. what was it? What did it consist of, if anything? A. Well, I don't know whether you would allow me to state what I want but I have answered that as far as the fire is concerned it didn't damage the boiler anything to speak of but it was the fire put me out of business. Q. The boiler was as good after the fire as it was the day before? A. It was. I would say it was worth as much for running purpose, for running there, but I was out of business and couldn't run, so it was worthless to me on account of the fire. Q. And the loss to the boiler, the damage to the boiler was occasioned or you calculated that on the basis that your laundry couldn't be operated and it was worthless as a part and parcel of the laundry but was not directly injured by the fire itself? Do you claim it was injured by the water and smoke? A. I think not. Think I testified it wasn't. There was no fire in the boiler room. I think I testified to that. There was some straw in the boiler room yet. I think I testified to that. *By Mr. Hogsett*: Q. Mr. Arel, you knew the facts that you have just testified to here, at the time, the next day after the fire, didn't you? A. Yes, sir. Q. You learned these facts at the time? A. Yes, sir. Q. You knew these

facts on January 7, 1915, when you swore to the proof of loss? A. Yes, sir.''

It will be seen from this testimony that the plaintiff himself admitted that he had represented in his proof of loss to the company that there had been a total loss of $750 as to this boiler which he said at the trial was not damaged in the least by the fire and which he knew at the time he made up and swore to the proof of loss had not been touched by the fire.

It will be noted from the provision in the policy above quoted that the policy is void in case of any fraud or false swearing by the insured either before or after the loss.

Plaintiff in his testimony admits that the sworn proof of loss was false as to the claimed damage to this boiler and he further admits that he knew at the time he made the proof of loss that there was no damage to the boiler.

False and fraudulent swearing as to any matter in a policy avoids the entire policy. [Hall v. Western Underwriters' Assn., 106 Mo. App. 476, 81 S. W. 227.] The rule as declared in that case is a wholesome one for the reason that should those claiming loss under fire insurance policies be permitted to make statements in proofs of loss concerning lost or damaged articles which they know were not lost or damaged at all by the fire for the purpose of getting insurance to which they were not entitled, and be permitted to collect anything under the policy in the face of a policy provision such as we have in this case, it would amount to a travesty on justice, be a denial of the right of parties to make their own contracts, and furnish an incentive for wrong doing. [See, also: Hamberg v. Insurance Co. (Minn.) 71 N. W. 388; Fowler v. Phœnix Ins. Co. (Ore.), 57 Pac. 421; Home Insurance Co. v. Connally (Tenn.), 56 S. W. 828.]

The following cases, where false or fraudulent statements had been made, deny recovery against the insurance companies: Rovinsky v. Northern Assu. Co. (Me.), 60 Atl. 1025; Simon Cloak Co. v. Aetna Ins, Co., 141 N. Y. Supp. 553; Pottle v. Liverpool & London &

Globe Ins. Co. (Me.), 85 Atl. 1058; Claflin v. Insurance Co., 110 U. S. 81, 28 L. Ed. 76; Anibal v. Insurance Co., 82 N. Y. Supp. 600; and 4 Cooley's Briefs on the Law of Insurance, pp. 3423 and 3431.

Where plaintiff's own statement of the facts, which is uncontroverted, shows that he is entitled to no relief, it is the duty of the trial court to direct a verdict for the defendant. [May v. Crawford, 150 Mo. l. c. 527, 51 S. W. 693; Gee v. Van Natta-Lynds Drug Co., 105 Mo. App. 27, 78 S. W. 288; Carter-Montgomerie v. Steele, 83 Mo. App. l. c. 215; Gilmore v. M. B. of A., 186 Mo. App. 445, 171 S. W. 629; Snyder v. Free, 114 Mo. l. c. 376, 21 S. W. 847.]

The facts of this case must be distinguished from the facts appearing in those cases wherein there is a discrepancy between the amount claimed in the proof of loss and the amount found by the jury at the trial to be due. In our case it was known to the plaintiff, and he testified at the trial that he knew, that at the time he made up and swore to the proof of loss there was no damage whatever by the fire to the boiler.

Respondent cites the case of Walker v. Phoenix Ins. Co., 62 Mo. App. l. c. 226, where the court declares the rule that it is not intended by the policy that a mistake or an unintentional error or a misstatement of an immaterial matter in the affidavit in the proof of loss should avoid the policy.

The facts of our case, by the plaintiff's own testimony, show that the error was intentional and was a misstatement of a material matter, to-wit, claiming $750 loss where there had been no loss, or sum equal to about one-sixth of the total amount of insurance carried.

In Schulter v. Insurance Co., 62 Mo. 236, cited by respondent, the policy provided that it should be forfeited if the assured should be guilty of fraud and false swearing in making the proof of loss after the fire. In our case the policy provides for forfeiture in case of fraudulent or false statements. Neither was the statement in that case, like the one at bar, one about which there could be no difference of opinion. The boiler was either

totally destroyed or damaged by fire or was not. The plaintiff in his proof of loss claimed total loss while in his testimony at the trial of the case he admitted that there was no damage or loss whatever to the boiler by reason of the fire.

Nor is the case of Havens v. Germania Fire Ins. Co., 123 Mo. 403, 27 S. W. 718, cited by respondent, applicable here, for in that case the court found that the amount of machinery that was not in the burned portion of the mill was a mere trifle when compared with the total amount actually lost; and in that case there was no question of a false statement in the proof of loss, and the court in fact gave credit for the machinery that was not damaged. Our case turns on the question of whether the plaintiff knew when he made his sworn proof of loss that there was contained therein a statement, of fact which he knew did not exist.

The action of the trial court in sustaining the demurrer to the evidence and entering a judgment for the defendant as against the plaintiff was entirely proper. and as the uncontroverted evidence of the plaintiff shows that he is barred from a recovery the action of the trial court in granting his motion for a new trial was erroneous. It results that the cause must be remanded with directions to the circuit court to set aside its order granting plaintiff a new trial and re-instate the judgment heretofore entered for the defendant. *Robertson, P. J.,* and *Sturgis, J.,* concur.