EDNA B. DIEHL, Respondent, v. GRANT FARMERS MUTUAL
FIRE & LIGHTNING INSURANCE COMPANY, a Corporation, Appellant.

(205 N. W. 672.)

**Insurance — clause in fire insurance policy making policy void for concealment or misrepresentation by insured of material fact concerning insurance or subject thereof, or other fraud, either before or after loss, held valid.**

1. A clause in a fire insurance policy providing that the entire policy shall be void if the insured had concealed or misrepresented in writing, or otherwise, any material fact or circumstance concerning this insurance, or the subject thereof, or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance, or the subject thereof, either before or after loss, is a valid and enforceable provision, but such matter must be material, made knowingly and for the purpose of deceiving and defrauding the insurance company.

**Insurance — on allegation of false statements by insured in proof of loss and introduction of evidence in support thereof, insurance company held entitled to have such issues submitted to jury under proper instructions.**

2. The answer in this case alleges that the plaintiff made false statements in proof of loss, that she included in the proof of loss property belonging to others, property which she did not have, and property that had been removed from the house before the fire, and further alleges that the fire was caused by the plaintiff's own wilful intentional act, all for the purpose of defrauding the defendant. There being proof offered in support of said allegations, the defendant was entitled to have such issues submitted to the jury under proper instructions on such subject, when the same were not covered in the instructions of the court.

Opinion filed August 4, 1925.    Rehearing denied October 23, 1925.

Fire Insurance, 26 C. J. § 200 p. 161 n. 53 New; § 492 p. 382 n. 87; § 493 p. 383 n. 8; p. 384 n. 9; § 776 p. 559 n. 38; § 777 p. 562 n. 56; § 778 p. 564 n. 71. Trial, 38 Cyc. p. 1570 n. 13 New.

Appeal from the District Court of Ward County, *Lowe*, J.

53 N. Dak.—18.

From an order denying a motion for a new trial, or, in the alternative judgment notwithstanding the verdict, defendant appeals.

Reversed and remanded.

*B. H. Bradford,* for appellant.

*E. R. Sinkler* and *G. O. Brekke,* for respondent.

BURKE, J.   This is an action brought by the plaintiff against the defendant to recover on an insurance policy for loss, or damage, by fire, to the amount of $1,200, on household furniture, clothing, stores and provisions contained in a dwelling house that was consumed by fire.

Defendant, in its answer, claims that the plaintiff made false statements in proof of loss; that she included in the proof of loss property belonging to others, property which she did not have, and property that had been removed from the house before the fire, and defendant further alleges that the fire which consumed the property of the plaintiff was caused by plaintiff's own wilful and intentional act, ·and all for the purpose of defrauding the defendant.

The case was tried to a jury and at the close of the plaintiff's testimony, the defendant moved the court to direct a verdict for the defendant, which was objected to by plaintiff, and denied by the court. At the close of the case, the defendant again renewed its motion, which was objected to, and properly denied by the court, under § 7643, Comp. Laws, 1913, as amended by chapter 335, Sess. Laws, 1923. The jury returned a verdict for the plaintiff for the full amount of her claim, and the defendant moved for judgment notwithstanding the verdict, or for a new trial, under chapter 335, Sess. Laws, 1923.

Section 7643, Comp. Laws, 1913, as amended by chapter 335, Sess. Laws, 1923, provided that if a motion is made for a directed verdict and the adverse party objects thereto, such motion shall be denied and the court shall submit to the jury such issue or issues within the proceedings on which· any evidence has been taken, as either or any party to the action shall request.

The third, fourth, and fifth specifications are much more serious. The insurance policy, in lines 6, 7, 8 and 9, provides:

"That the entire policy shall be void if the insured has concealed or misrepresented, in writing, or otherwise, any material facts or circum-

stances concerning this insurance, or the subject thereof, or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof whether before or after a loss."

We are of the opinion that the court should have given the instruction in the fourth specification of error or should have covered the subject. The instruction given on that subject is incomplete and misleading, as follows:

"The defendant admits the issuing of the policy and the fire, but denies that the loss was $1,200 and claims if there was a loss, it was less than that amount. The defendant further alleges as a defense to the action that the plaintiff made a sworn proof of loss as required by the policy and that the plaintiff in such sworn proof of loss wilfully and intentionally made false statements as to the extent of the loss for the purpose of deceiving and defrauding the insurance company and asks that the action be dismissed.

"The burden of proof is upon the plaintiff to prove her cause of action to your satisfaction by a fair preponderance of the evidence, that is by the greater weight of all the evidence in the case, and if she has so proven her cause of action, then you would find for the plaintiff for such sum as you find her entitled to under all the evidence and these instructions.

"However, the burden of proof of showing that the sworn statement made by the plaintiff was false and was wilfully made for the purpose of defrauding the insurance company is upon the defendant to show the same by a fair preponderance of the evidence."

This instruction is incomplete, and the last paragraph should have preceded the second paragraph as a part of the first paragraph. It is incomplete in this; while it does say that the burden of proof, "of the showing that the sworn statement made by the plaintiff was false and was wilfully made for the purpose of defrauding the insurance company is upon the defendant to show the same by a fair preponderance of the evidence," it does not say what the effect will be, if the jury should so find. It should have said that the burden was upon the defendant to show the same by a fair preponderance of the evidence and that if it did, then the jury should find for the defendant.

. The court also gave the following instruction which is assigned as error:

"Should the jury find that the plaintiff in this case knowingly and wilfully and with the intent to deceive the insurance company concerning the extent of her loss, made a false sworn statement as to her loss by the fire for the purpose of defrauding the insurance company, then you should find for the defendant for a dismissal of this action. However, should the jury find that the plaintiff made such a false sworn statement concerning her loss, but you further find that her loss actually amounted to $1,000, on the household furniture and clothing insured, and $118 on the stores and provisions, then such false statement would be immaterial, and you should find for the plaintiff for the full amount, that is the sum of $1,200."

The last part of this instruction is in conflict with and nullifies the first part, and is in conflict with § 9982 Comp. Laws, 1913, which reads as follows:

"Every person who presents or causes to be presented any false or fraudulent claim, or any proof in support of any such claim, upon any contract of insurance, for the payment of such loss, or who prepares, makes or subscribes any account, certificate, survey, affidavit, proof of loss or other book, paper or writing with intent to present or use the same, or to allow it to be presented or used on support of any such claim, is punishable by imprisonment in the penitentiary not less than one and not exceeding three years or by a fine not exceeding one thousand dollars or both."

Since the statute specifically forbids the making of false or fraudulent claims or any proof in support of any such claim upon any contract of insurance, for the payment of any loss, or the preparation of any such proof with intent to present or to allow it to be presented or used, it is immaterial whether the loss is less or greater than the amount of insurance. That part of the instruction, viz.: "But if you further find that the loss actually amounted to $1,000, on the household furniture and clothing insured, $118 on the stores and provisions then such false statements would be immaterial and you should find for the plaintiff for the full amount, that is the sum of $1,200," is error under our statute § 9982 and the great weight of authority. 26 C. J. 382 § 492, as follows:

"Sec. 492.—Fraud and False Swearing.    1. In General.    There is usually a provision in policies of fire insurance that any fraud or false swearing by insured relating to the loss, or in the proofs of loss, will forfeit any right of recovery under the policy.    Such a provision is valid and enforceable."

Citing: U. S. S. C.; Fed. Rep.; C. C. A.; Ark.; Fla.; Ills.; Ind.; Iowa; La.; Maine; Mass.; Mich.; Mo.; Nev.; N. Y.; Okla.; Ore.; Penna.; Tenn.; Texas; Va.; and Manitoba.    Wright v. Fraternities Health & Acci. Asso. 32 L.R.A.(N.S.) 461, and the notes thereto (107 Me. 418, 78 Atl. 475); also Arel v. First Nat. F. Ins. Co. 195 Mo. App. 165, 190 S. W. 78; Claflin v. Commonwealth Ins. Co. 110 U. S. 86, 28 L. ed. 81, 3 Sup. Ct. Rep. 507; 14 R. C. L. § 515 p. 1343.

There was plainly in issue in the case at bar the questions as to whether the statement of loss contained property belonging to others, property plaintiff removed from the house before the fire, the question of fraudulent overvaluation, and the origin of the fire.    The defendant was entitled to have these issues presented to the jury and the refusal to give the instructions requested on said issues when the same were not covered by the instructions of the court is error.

The judgment of the district court is reversed and the cause is remanded for further proceedings in accordance herewith.

CHRISTIANSON, Ch. J., and JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.