No. 95-2547

General Casualty Insurance          *
Companies,  *
                                    *
          Appellee,                 *
                                    *   Appeal from the United States
     v.                             *   District Court for the
                                    *   Eastern District of Missouri.
Holst Radiator Co.; Roy Holst,      *
doing business as Holst             *
Radiator Co.,                       *
                                    *
          Appellant                 *


_____

          Submitted:  April 11, 1996

            Filed:  July 10, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, and BOWMAN and WOLLMAN, Circuit
     Judges.
_____

BOWMAN, Circuit Judge.


     Roy Holst filed a $215,000 claim with his insurer, General Casualty
Insurance Companies, after his place of business, Holst Radiator Co., was
damaged by a fire on December 28, 1992.  On March 8, 1993, General Casualty
paid $70,000 on the portions of Holst's claim that were not in dispute at
that time.  Later, however, General Casualty decided to deny Holst's claim
in its entirety because, inter alia, General Casualty believed that Holst
failed to cooperate in the investigation of the loss and violated the
concealment, misrepresentation, or fraud conditions of the insurance
policy.  General Casualty then filed this declaratory judgment action,
seeking to recover the $70,000 it had paid to Holst.  General Casualty
alleged that "the cause and origin of the fire was not how and where
defendant Holst had claimed it to be."

Complaint at ¶ 12.  In other words, General Casualty had reason to believe that arson may have been the cause of the fire but was prevented from conducting a complete investigation by Holst's failure to cooperate.  Holst then filed a counterclaim, alleging that General Casualty breached the insurance contract, committed fraud, and vexatiously refused to pay on the insurance policy.  Holst sought punitive damages.  The District Court[1] dismissed the fraud count of Holst's counterclaim as well as the claim for punitive damages.  The other issues were submitted to a jury, which returned a verdict in favor of General Casualty.  The District Court entered judgment on the verdict, awarding General Casualty $70,000 plus interest.

The main issue in this appeal relates to the nature of the fraud that General Casualty was required to prove.  Holst argues that General Casualty was required to prove all of the elements of common-law fraud, as set out in state-approved jury instructions, in order to recover the $70,000 it had paid on the insurance contract with Holst.  In particular, Holst claims that General Casualty failed to prove that it relied on any of Holst's allegedly fraudulent statements.  Reliance is an element of common-law fraud under Missouri law.  General Casualty, on the other hand, contends that it only had to prove that Holst breached a provision of the insurance contract.  According to General Casualty, the provision in question--the concealment, misrepresentation, and fraud provision--was violated, thus voiding the policy, even if General Casualty did not rely on Holst's statements.

The interpretation of the terms of an insurance contract is a matter of state law, which we review de novo.  See Pace Constr. Co. v. U.S. Fidelity & Guar. Ins. Co., 934 F.2d 177, 179 (8th Cir. 1991).  Holst argues that the District Court's erroneous

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

interpretation of the insurance contract led it to improperly submit the issue of fraud to the jury and to misinstruct the jury on the issue of fraud.

The provision of the insurance contract at issue in this case reads as follows:

A.    CONCEALMENT, MISREPRESENTATION OR FRAUD

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time.  It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

    1. This Coverage Part;
    2. The Covered Property;
    3. Your interest in the Covered Property; or
    4. A claim under this Coverage Part.

General Casualty Ins. Policy CCI 0126591, Commercial Property Conditions at 1.  The District Court, by refusing Holst's proposed instruction, held that the meaning of the word fraud in the insurance contract is not the same as common-law fraud.  We agree.

In <u>Vitale v. Aetna Casualty & Surety Company</u>, this Court noted the distinction between fraud in the inducement and a fraudulent proof of loss. 814 F.2d 1242, 1251 (8th Cir. 1987).  We specifically stated that "a charge of a fraudulent proof of loss differs from one of fraud in the inducement, which requires, among other elements, reliance."  <u>Id.</u>  We held that Missouri Approved Instruction (MAI) 25.03 was inapplicable in cases involving a charge of fraudulent proof of loss because that instruction was designed for cases in which an insured is charged with fraud at the time the insured obtained coverage.  <u>Id.</u>

The jury instruction that Holst proposed was modeled after MAI 32.19 (1991), which is substantially similar to the instruction we

rejected in <u>Vitale</u>.  "Litigants are entitled to have the jury instructed on their claims and theories if," <u>inter</u> <u>alia</u>, "the proposed instructions are correct statements of the law" applicable to the case.  <u>Hoselton v. Metz Baking Co.</u>, 48 F.3d 1056, 1063 (8th Cir. 1995).  Like <u>Vitale</u>, however, this case involves a fraudulent proof-of-loss charge rather than a charge of fraud in an application for insurance coverage.  To our knowledge, the Missouri state courts have not decided whether reliance is a necessary element of the fraudulent proof of loss required to void an insurance policy.  Thus our decision in <u>Vitale</u>, which applies Missouri law, is authoritative, and the instruction proposed by Holst is not a correct statement of the law applicable to this case.  In these circumstances, the District Court properly submitted the issue of fraud to the jury, despite the alleged absence of evidence of General Casualty's reliance on Holst's statements, and properly instructed the jury on the issue of fraud.

In addition to the arguments on the issue of fraud, Holst contends that the District Court improperly admitted evidence that tended to prove that the insured property was overvalued.  The admissibility of evidence is an issue that is committed to the sound discretion of the trial court, and "we will not disturb a district court's evidentiary ruling absent a clear and prejudicial abuse of that discretion."  <u>Laubach v. Otis Elevator Co.</u>, 37 F.3d 427, 428-29 (8th Cir. 1994).

Holst claims that evidence relating to the overvaluing of his property should not have been admitted for two reasons:  (1) Missouri Revised Statutes § 379.140 (1994) specifically bars an insurer from denying that the insured property was worth the full amount for which it was insured; and (2) General Casualty did not raise the valuation issue in its letter denying Holst's claim under the policy.  These arguments totally miss the mark.  The rules of law cited by Holst are directed toward insurance companies who accept large premiums on overvalued property and then, when a claim

made, either pay only the actual value or deny the claim in its entiret

because                    See _____,

667        700, 707-08 (Mo. 1984) (en banc) (analyzing Mo. Rev. Stat.
          State ex rel. Shelter Mut. Ins. Co. v. Crouch

828 (Mo. Ct. App. 1986) (stating that defenses to claims should be raised

   claim is first denied).  General Casualty did not introduce the

     ence at issue to prove that it claimed that it only had to pay th

actual value of the property or to prove that it had denied Holst's claim

      he had overvalued the property.  The evidence was introduced as

        ntial proof that Holst had a motive to commit arson.  In thes

circumstances, the evidence was obviously relevant and wholly admissible.

___  Thomure v. Truck Ins. Exch.  781 F.2d 141, 142 (8th Cir. 1986).  The

District Court did not abuse its discretion by a

that the insured property was overvalued.


   Holst has raised several other issues in this appeal, and we have

      reviewed his arguments.  We find them to be without merit, and

             to set aside the jury's verdict in favor of General

Casualty.                    the judgment of the District Court is

affirmed.



      Attest:


         CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.