ANDERSON *v.* AMERICAN & FOREIGN INS. Co., et al.

No. 39990          March 26, 1956          86 So. 2d 303

*Cephus Anderson, Hannah, Simrall & Aultman,* Hattiesburg, for appellant.

*Wingo* & *Finch,* Hattiesburg; *Watkins* & *Eager,* Jackson, for appellees.

McGEHEE, C.J.

This case involves three consolidated suits of the appellant Lawrence Anderson against the American and Foreign Insurance Company, Firemen's Insurance Company and Old Colonial Insurance Company respectively on policies of fire insurance issued by the said companies through their local agent Mr. Mike Ginsberg at Hattiesburg, in the aggregate amount of $7,500.00 along with a policy in another fire insurance company in the sum of $3,000.00. Each of the policies by their terms prohibited the taking of additional insurance to the $10,500.00 involved in the four policies, and the compliance with this provision in each policy was made a condition precedent to liability.

The appellant testified that he applied to Ginsberg for $21,000.00 of insurance and that the said agent would not agree to writing more than $10,500.00 on the property that was destroyed in the fire complained of, but that

the agent told him that he would send a Mr. Dunn out to see him in regard to writing the remainder of the insurance applied for; that several weeks later Mr. Dunn came to the place of business of the appellant, examined the existing policies and agreed to write the additional $10,500.00, which was done; that Mr. Dunn told him that he had come in response to the suggestion of Ginsberg, and the appellant testified that he later reported to Ginsberg before the loss occurred that Mr. Dunn had written the additional insurance. In this testimony the appellant was corroborated by the testimony of his wife. Ginsberg denied these conversations. There was therefore presented on the trial an issue of fact for the determination of the jury as to whether or not the local agent of the appellees, Ginsberg, had waived the prohibition contained in the policies as to additional insurance, but thereafter the appellant signed a non-waiver agreement which expressly reserved to each of the parties all of their rights under the policies and thereupon the agent resumed his investigation as to the liability of his companies for the loss.

These policies contain the same provisions as did those involved in the case of Standard Insurance Company of New York and New Hampshire Fire Insurance Company v. Lawrence Anderson, Cause No. 39,991, this day decided, and this case is controlled in all respects by what has been decided in the opinion already written in said Cause No. 39,991, except that the Iron Safe Clause contained in those policies is not involved in the instant case. The same transcript of a deposition given by the insured in the office of Mr. Cephus Anderson on December 22, 1953, was introduced in evidence in the instant case. That deposition is discussed in the opinion in Cause No. 39,991, hereinbefore referred to wherein the Court has decided that the failure of the insured to answer under oath certain questions propounded to him

on that occasion had the effect of relieving the insurers of liability under the policies.

The insured testified that on the morning after the fire an adjuster representing all three of the insurance companies in the instant case denied liability and thereby relieved him of the duty of answering questions on the pre-trial examination, the same as a denial of liability would relieve him of the duty of furnishing proofs of loss. However, the insured was advised in substance, and in writing, prior to the pre-trial examination that the companies in resuming the investigation under the non-waiver agreement was neither admitting nor denying liability on the policy. Therefore, if we should assume that the denial of liability by the adjuster for the insurance companies on the morning after the fire would have relieved the insured of submitting to a pre-trial examination under oath, as provided for in the policies, except for the subsequent notice in writing, nevertheless the non-waiver agreement expressly reserved unto the insurance companies all of their rights under the provisions of the policies. The insured did not stand upon the denial of liability and refuse to appear on the occasion of the pre-trial examination under oath, but signed the non-waiver agreement subsequent to the denial of liability and thereby authorized the continuance of the investigation, including the pre-trial examination under oath, and then declined to answer a number of questions propounded to him at the pre-trial examination, some of which were immaterial but some four or five of which questions were very material to the proper investigation and decision of the insurers as to whether or not they would pay the claims. He appeared and submitted himself to examination after being advised in writing that the companies were then neither admitting nor denying liability, after having signed the non-waiver agreement which in effect authorized the continuance of the investigation without the waiver of any of the rights

of either of the parties. At any rate, as shown by the opinion in Cause No. 39,991, the Court has held that his failure and refusal to answer certain questions propounded to him at the pre-trial examination bars a recovery under the same circumstances as those involved in the three instant consolidated cases. That opinion also requires that we hold in the instant cases that the peremptory instruction on behalf of the appellees was properly granted.

It is unfortunate, assuming the property that was destroyed by the fire was worth from $28,000.00 to $30,000.00 as testified to by the insured, that he should lose the right to collect the insurance sued for in these three cases, nevertheless the contractual provisions of the policies to the effect that the same should be null and void for a failure of the insured to comply with the provisions therein contained, can not be disregarded. The case on behalf of the appellant presented an issue of fact for the jury as to the waiver of additional insurance and as to whether or not he was required to submit to the pre-trial examination under oath in view of the prior denial of liability, except for the further fact of the signing of the non-waiver agreement and the notice to him in writing prior to the pre-trial examination that in the pursuance of their further investigation the companies were neither admitting nor denying liability, and the fact that the non-waiver agreement expressly reserved their rights under the provisions of the policies as to anything that had been done or was to be done in connection with the investigation.

The judgment appealed from must, therefore, be affirmed.

Affirmed.

*Lee, Arrington, Ethridge* and *Gillespie, JJ.,* concur.