## Boston Insurance Company *v.* Mars

No. 42515          January 21, 1963          148 So. 2d 718

*Watkins & Eager,* Jackson, for appellant.

*Watson & Wilkerson,* Woodville, for appellees.

APPELLANT IN REPLY.

McGehee, C. J.

On February 8, 1960, the appellant, Boston Insurance Company, through its local agent, Adams Insurance Company, at Gloster, Mississippi, issued a policy of insurance in the amount of $2,500 on a residence building and $1,500 on the contents of the building, amounting to the total sum of $4,000 against loss by fire.

The policy contained, among other provisions, one to the effect that no other fire insurance would be permitted on the property. That provision reads as follows:

"Other insurance is prohibited unless the total amount of insurance, including the amount of this policy, is inserted in the blanks provided on the first page of this policy under the caption Total Insurance. This company shall not be liable for loss while the insured shall have any other insurance prohibited by this policy."

The insured, Ervin Mars, testified that he told Mr. Adams that the house was insured with a Mr. Berryhill, who operated a local insurance agency. He was asked the following question and answered the same in the manner hereinafter stated:

"Q. You told Mr. Adams your *house* was insured with Mr. Berryhill?

"A. With Mr. Berryhill."

(Hn 1) He did not contend that he told Mr. Adams that the contents of the house were insured against loss by fire. Therefore there was no waiver of the provision against other insurance assuming the said agent had the authority to make such waiver.

The policy also contained a provision to the following effect:

"The insured, as often as may be reasonably required, shall exhibit to any person designated by this Company all that remains of any property herein described, and submit to examination under oath by any person named by this Company, and subscribe the same; and, as often as may be reasonably required, shall produce for examination all books of account, bills, invoices and other vouchers, or certified copies thereof if originals be lost, at such reasonable time and place as may be designated by this Company or its representative, and shall permit extracts and copies thereof to be made."

The declaration alleged, among other things, that following the fire loss on October 31, 1960, the defendant exercised its right to have the plaintiffs examined under oath in accordance with the foregoing provision of said policy, and a proper demand for said examination under

oath was mailed to and received by the plaintiffs and notified them that the examination was desired in the office of the chancery clerk at Woodville, Mississippi, and they appeared at the time suggested. At the time and place set for the examination, the following transpired. Mr. W. F. Goodman, attorney for the defendant insurance company, for and on behalf of the insurance company stated:

"We are ready to proceed with the examination under oath and would like to have the chancery clerk give the oath to the insureds.

"BY MR. WATSON (representing the plaintiffs):

"The insureds are here and I have in my office the insurance policies and mortgage papers and will be glad to give you all available information. In fact, we will be glad to answer any list of written questions you may care to furnish us, but we will not permit the testimony of the insureds to be taken down or recorded. We do not believe that is reasonable for the reason that numerous statements have been taken by the adjustor, agents, the sheriff and the state fire marshal.

"BY MR. GOODMAN:

"The insurance policies give us the right to examine the insureds under oath as well as the right to transcribe the examination and have same subscribed by the insureds. We desire to exercise that right.

"BY MR. WATSON:

"We will not agree to that.

"BY MR. GOODMAN:

"If the insureds decline to submit to the examination under oath, then that is all that can be done at this time."

(Hn 2) The appellees' refusal to submit to this examination under oath precludes their right of recovery of any part of the $4,000 of the insurance on the house or

on its contents under the decisions in the cases of Anderson v. American & Foreign Ins. Co., 227 Miss. 324, 86 So. 2d 303, and Standard Ins. Co. of N. Y. v. Anderson, 227 Miss. 397, 86 So. 2d 298. We think those two cases are controlling on the issue here presented.

Following the loss of the house and its contents by fire, the sheriff of the county and the State Fire Marshal conducted an examination for the purpose of ascertaining whether or not the appellees, or either of them, had been guilty of the crime of arson in connection with the fire complained of.

The appellees had a $3,000 policy of other insurance against loss by fire on the house and at the time they took out the insurance in question with the J. L. Adams Insurance Agency, representing the appellant Boston Insurance Company, they also had $1,000 of insurance on the contents of the house with other insurance companies against loss by fire, making a total of $8,000 insurance on the house and its contents, including the $4,000 covered by the policy herein sued on.

(Hn 3) The mere fact that the appellant had learned that the sheriff and State Fire Marshal were investigating an arson charge in connection with the fire, was sufficient information to entitle the appellant to demand the examination under oath as provided for by the policy, even though it later developed that the sheriff and State Fire Marshal had reported to the insurance agencies that they found no evidence of arson. In other words, the appellant was entitled to conduct an examination of its own in regard to any fact connected with the loss.

(Hn 4) We are of the opinion that the provision in the policy of insurance for an examination of the insureds under oath contemplated an examination by the question and answer method, wherein the answer to one question may suggest the next question to be asked by the examiner. And we do not think that the fact that the attorney for the insureds stated at the time and place set for the

examination of the insureds under oath that he had the insurance policies and mortgage papers at his office, and that he would be glad to give to the attorney representing the appellant insurance company all available information, or that he would have his clients answer any list of written questions that the insurance company may care to furnish, would have rendered unreasonable the request of the appellant to conduct the examination of the insureds under oath, as proposed. We think that the refusal of the insureds to submit to the examination under oath was a violation of the express provisions of the insurance policy, and resulted in a forfeiture of their right to recover under the policy; and that, therefore, the appellant was entitled to the requested peremptory instruction in its favor.

Reversed and judgment here for the appellant.

*Lee, P. J., and McElroy, Rodgers and Jones, JJ.,* concur.