543 So.2d 661 (1989)
Bobby W. ALLISON and Josephine Allison
v.
STATE FARM FIRE & CASUALTY COMPANY.
No. 58467.
Supreme Court of Mississippi.
May 3, 1989.
Richard W. Hamilton, Pascagoula, for appellants.
Carolyn Dohn, Earnest R. Schroeder, Bryan, Nelson, Allen, Schroeder & Backstrom, Pascagoula, for appellee.
*662 Before DAN M. LEE, P.J., and SULLIVAN and PITTMAN, JJ.
PITTMAN, Justice, for the Court:
This action arises from a complaint filed by Bobby and Josephine Allison, alleging that State Farm Fire and Casualty Company wrongfully denied coverage for certain damages arising out of a fire at the Allison home. The Circuit Court Jackson County held that, as a matter of law, the Allisons' refusal to answer certain questions relating to their financial situation precluded coverage under the policy, and granted summary judgment in favor of State Farm. We affirm.

I.
On April 28, 1985, Bobby and Josephine Allison suffered a fire loss to their home at 1617 Garden Lane, Gautier, Mississippi. At the time of the fire the Allisons were separated, and Josephine Allison was residing at 2620 Auburn Drive, Gautier, Mississippi, in another house owned by the couple. The Allisons and their two children were all staying at the Auburn Drive home on the night of the fire. The house which burned was determined by State Farm to be a total loss. The fire which caused the loss was incendiary in nature and appeared to have been intentionally set.
At that time, the Allisons had in force and effect with State Farm an insurance policy, which covered the house at 1617 Garden Lane. The policy provided for coverage of $53,000.00 for the dwelling, $5,300.00 for other structural damage, $26,500.00 for loss of personal property, and $10,600.00 for loss of use. State Farm paid the Allisons $3,000.00 for loss of use of the premises and also paid $43,862.64, representing the first and second mortgages on the Garden Lane house.
The policy contained the following provisions:
SECTION I-CONDITIONS
2. YOUR DUTIES AFTER LOSS. In case of a loss to which this insurance may apply, you shall see that the following duties are performed:
d. As often as we reasonably require:
(1) Exhibit the damaged property;
(2) Provide us with records and documents we request and permit us to make copies; and
(3) Submit to examination under oath and subscribe same.
SECTION I AND SECTION II-CONDITIONS
2. CONCEALMENT OF FRAUD: We do not provide coverage for any insured who has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance.
SECTION II-CONDITIONS
6. SUIT AGAINST US: No action shall be brought against us unless there has been compliance with the policy provisions.
Pursuant to these policy terms, State Farm requested that the Allisons sign certain authorizations so that State Farm might have access to the Allisons' financial records. The Allisons never complied with these requests. State Farm then requested through counsel that the Allisons submit to an examination under oath, and that the Allisons bring to the examination financial records not yet provided. On June 12, 1985, Bobby and Josephine Allison were examined under oath by counsel for State Farm. On numerous occasions when being asked about their financial records or status, the Allisons refused to answer on advice of counsel. The questions had to do with production of income tax returns, evidence of indebtedness, bank records, loans, ownership of property, salary information, mortgage payment status and credit history.
As a result of the Allisons' refusal to volunteer this information, and the suspicious origin of the fire, State Farm refused to pay any other claims besides those already mentioned. Bobby and Josephine Allison separately filed suit against State *663 Farm in the Circuit Court of Jackson County, Mississippi, alleging that State Farm still owed them $8,725.79 for structural damages, $26,500.00 for loss of personal property, and $524.00 for loss of use of the premises. The Allisons also alleged that they were entitled to damages for mental anguish and to punitive damages. State Farm moved to consolidate the two suits and this motion was granted. State Farm moved for summary judgment on the Allisons' claim, alleging that the policy it had with the Allisons required them to answer material questions, that the questions that State Farm had asked the Allisons about their financial situation were material, and that the failure to answer these questions was a breach of the policy provisions which precluded recovery. The motion was granted by the circuit court. The Allisons appeal the granting of the summary judgment motion to this Court.

II.
This Court conducts de novo review of a lower court's grant of summary judgment. Pearl River County Board of Supervisors v. Southeast Collections Agency, Inc., 459 So.2d 783, 785 (Miss. 1984). The law governing the grant or denial of a motion for summary judgment is well established. Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss. 1988). In Dennis v. Searle, 457 So.2d 941 (Miss. 1984), this Court explained:
The trial court must review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied.
Issues of facts sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite.
457 So.2d at 944.
The burden of demonstrating that no genuine issue of fact exists is on the moving party. The non-movant should be given the benefit of every reasonable doubt. Smith v. Sanders, 485 So.2d 1051, 1054 (Miss. 1986).
The Allisons argue first that State Farm is not entitled to summary judgment on the Allisons' claim because a genuine issue of material fact still exists. The Allisons claim that that fact issue is whether the questions State Farm asked about the Allisons' financial status are material under the circumstances. State Farm answers that under the circumstances present in this case the questions are material as a matter of law, no fact issue exists, and summary judgment was appropriate.
The clauses in the policy relied on by State Farm are common to insurance policies, and have been dealt with by this Court on many occasions. See e.g., Standard Insurance Co. of New York v. Anderson, 227 Miss. 397, 86 So.2d 298 (1956); Boston Insurance Co. v. Mars, 246 Miss. 36, 148 So.2d 718 (1963); Southern Guaranty Insurance Co. v. Dean, 252 Miss. 69, 172 So.2d 553 (1965); Taylor v. Firemen's Fund Insurance Co., 306 So.2d 638 (Miss. 1974). In all of these cases the clauses authorizing insurers to conduct investigations under oath were found to be reasonable and valid. This Court also found that failure to submit to such an examination, under circumstances such as those present in the case at bar, would preclude coverage under the policies as a matter of law.
The Allisons claim that the questions concerning their financial status were immaterial considering that State Farm had never formally accused them of arson, and that their materiality was for the trier of fact to decide. In Edmiston v. Schellenger, 343 So.2d 465 (Miss. 1977), the insured gave false answers to the insurer concerning his fire loss, and then neglected to correct the answers. Relying on the aforementioned authority, the Court once again found such questions to be material. As to when materiality should be judged, the Court stated:
Schellenger argues that these questions are now immaterial since the insurance company did not raise the defense of arson. We disagree. We believe that materiality should be judged at the time *664 of the misrepresentation, not at the time of the trial. As we have stated, the purpose of requiring answers to questions is so that the insurance company may properly protect itself against false claims. To be effective, the investigation must be carried out at the time of the claimant's deposition, not at the time of the trial. It would be unjust to allow a claimant to misrepresent the facts which might lead to a valid defense and then allow him to escape the consequences of his falsehood simply because he has succeeded so well that the company was unable to establish the defense. We refuse to establish such a rule.
343 So.2d at 467.
It should be stressed here that the obligation of the Allisons in this case was contractual in nature. The authorities already mentioned have found that peremptory instructions in favor of the insurer were proper in a case such as this. This Court has stated that
[t]he motion for summary judgment is the functional equivalent of the motion for directed verdict made at the close of all of the evidence, which simply occurs at an earlier stage. In considering a motion, the trial court must view all the evidence (admissions and pleadings, depositions, affidavits, answers to interrogatories, etc.) in the light most favorable to the non-movant. Upon this consideration, if the moving party is entitled to judgment as a matter of law, the motion should be granted; otherwise, it should be denied.
Sanford v. Federated Guaranty Insurance Co., 522 So.2d 214, 217 (Miss. 1988); Southern Farm Bureau Casualty Insurance Co. v. Brewer, 507 So.2d 369, 370 (Miss. 1987); Brown v. Credit Center, Inc., 444 So.2d 358, 363 (Miss. 1983). See also U.S. Fidelity and Guaranty Co. v. Conaway, 674 F. Supp. 1270 (N.D.Miss. 1987), aff'd mem., 849 F.2d 1469 (5th Cir.1988) (summary judgment granted for insurer where insured refused to answer questions about his financial condition).
We are not suggesting, nor do the authorities support, a rule that the insurer may ask anything of the insured as part of the examination and refuse coverage because of any refusal to answer. We reject the notion that the insurer is the sole judge of materiality. In Southeastern Fidelity Insurance Co. v. Gann, 340 So.2d 429 (Miss. 1976), the carrier was questioning the insured as to the status of the title of certain insured property. The insured declined to answer questions he did not know, but referred the carrier to the appropriate land records. 340 So.2d at 431-432. Such actions by the insured did not amount to willful deceit or concealment so that coverage was precluded under the policy. 340 So.2d at 431-32. However, both persons claiming under a policy of insurance similar to the one sub judice and their attorneys should be aware that they are required to respond to all reasonable inquiries and to give all reasonable assistance and that failure to do so may well deny them recovery.
Although summary judgment can be a drastic remedy, it is appropriate in this particular case. Miss.R.Civ.P. 56(e) states that a party opposing summary judgment cannot rest "upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." It appears from the record that the Allisons introduced nothing in opposition to State Farm's motion for summary judgment. The circuit court's finding that there was no genuine issue of material fact in this case and that State Farm was entitled to judgment as a matter of law was correct, and this assignment is without merit. We have carefully examined the other assignment of error and find it without merit.
Accordingly, the judgment of the Circuit Court of Jackson County, Mississippi, in this case dated March 27, 1987, is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.