**Amos ARCHIE, Jr.**

v.

**STATE FARM FIRE & CASUALTY COMPANY.**

**Civ. A. No. J91–0722(W)(N).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 10, 1992.

Dennis Sweet, Jackson, MS, for plaintiff.

William C. Brabec, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the Court in this diversity lawsuit filed pursuant to Title 28, United States Code, § 1332(a) [1], is the motion of the defendant, State Farm Fire & Casualty Company [hereinafter State Farm], for summary judgment under rule 56(c) [2] of the Federal Rules of Civil Procedure. State Farm avers that under the undisputed facts of this case it is now entitled to a judgment in its favor because the plaintiff,

---

**1.** Title 28, United States Code, § 1332(a) states:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

 (1) citizens of different states; ...

Plaintiff is a resident of Hinds County, Mississippi. Defendant is a foreign corporation incorporated in Illinois with its principal place of business in Bloomington, Illinois.

**2.** Rule 56(c) provides:

The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

its insured, after suffering a burglary and after making a claim on his homeowner's policy, refused to abide by a material provision of the homeowner's policy obligating the insured to submit to an examination under oath, a necessary prerequisite to recovery under the State Farm policy. State Farm has attached to its motion affidavits and documentary evidence which purport to establish that State Farm duly requested the examination under oath, but that even to this day, some seventeen months after State Farm's request under the policy, plaintiff still has not submitted to the examination. The plaintiff, Amos Archie, Jr., opposes the motion. Nevertheless, guided by clear facts and the law [3], the Court is persuaded to grant the defendant's motion.

## BACKGROUND

On or about September 13, 1990, defendant State Farm issued plaintiff, Amos Archie, a homeowners policy of insurance covering, in part, any losses which plaintiff might sustain to his dwelling and its contents. Among other provisions, the homeowner's policy contained clauses which, in the event of a loss, the insured was required to furnish an inventory of the stolen personal property and, upon request to furnish other records and documents and to submit to an examination under oath. A few months after the issuance of the policy, on or about December 10, 1990, plaintiff reported to State Farm that his home had been burglarized and that several items of personal property had been stolen. On or about December 12, 1990, pursuant to the instructions of State Farm representative, Wes Shelton, plaintiff provided the defendant with an itemized personal property inventory sheet which reflected a total loss of $17,199.72. Thereafter, on or about December 17, 1990, State Farm sent a letter to Mr. Archie and his wife informing plaintiff of his duties as an insured under the insurance contract. The letter stated in part:

> Your duty as an insured after a loss are the following: ... (c) as often as we

require: ... 2. submit to examinations under oath and subscribe the same; ...

*See* Exhibit A to defendant's motion for summary judgment. Defendant State Farm says that the letter was mailed to plaintiff because plaintiff failed to provide defendant with invoices and other documents showing plaintiff's ownership of the stolen property. *See* Affidavit of Wes Shelton, representative for State Farm.

On or about January 7, 1991, plaintiff retained private counsel to assist him in the processing of the insurance claim. By letter dated February 15, 1991, State Farm informed plaintiff's counsel that plaintiff was required under the insurance policy to substantiate his ownership of the claimed stolen property with proper documentation. In the letter, the defendant agreed to pay actual cash value for items which plaintiff had provided ownership documentation; however, the defendant rejected plaintiff's claim for the remaining personal assets by stating, "... since the policy requirements have not been met, we must respectfully reject the Proof of Loss as it presently exists." The letter then advised the plaintiff that State Farm wanted to schedule a deposition at an appropriate time of Mr. and Mrs. Archie on matters pertaining to the insurance claim. *See* Exhibit B to defendant's motion for summary judgment. According to State Farm, on or about February 27, 1991, plaintiff's counsel by letter responded to the defendant's requests for a deposition. In the letter, says the defendant, speaking on his client's behalf, plaintiff's counsel refused to submit further documentation and refused to attend an examination under oath. On or about March 21, 1991, State Farm once again mailed plaintiff's attorney a letter which set forth the insured's contractual requirement to submit to an examination under oath. *See* Exhibit C to defendant's motion for summary judgment. Eight months later, still not having consented to an oral examination, plaintiff then filed suit in the Circuit Court of the First Judicial District

---

**3.** Inasmuch as this lawsuit is predicated upon diversity jurisdiction, following the command of *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this Court applies Mississippi law to this matter.

of Hinds County against his insurer for bad-faith denial of insurance benefits. Defendant, a non-resident of the State of Mississippi, filed a removal to this Court pursuant to Title 28, United States Code, 1332(a) and 1441 [4], and now seeks summary judgment based on plaintiff's steadfast resistance to an oral examination under oath.

## THE LAW ON SUMMARY JUDGMENT

 Defendant, State Farm, moves for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. A party seeking summary judgment always bears "the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In the case of *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir.1992), the Fifth Circuit discussed the movant's burden under Rule 56 and stated:

> To satisfy [the movant's burden], [he] may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense.

This initial burden remains with State Farm as the moving party even though the issues involved are ones on which the plaintiff, the non-movant, will bear the burden

**4.** Title 28, United States Code, § 1441(a) recites: Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

of proof at trial. *Russ v. International Paper Co.*, 943 F.2d 589, 592 (5th Cir.1991), *cert. denied,* ── U.S. ──, 112 S.Ct. 1675, 118 L.Ed.2d 393 (1992). Once the moving party has met its burden pursuant to Rule 56(c), the non-moving party is required to respond with proof of a prima facie case sufficient for a "fair-minded jury" to enter a verdict in his favor. *International Shortshop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir.1991), *cert. denied,* ── U.S. ──, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992); *Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121, 1122–23 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). So, Archie can meet his burden by tendering affidavits, depositions, and other materials which provide significant probative evidence demonstrating the existence of a triable issue of fact. *Resolution Trust Corp. v. Murray*, 935 F.2d 89, 92 (5th Cir.1991). If the party opposing the summary judgment motion fails to meet his burden, the court may enter summary judgment for the movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). However, the court must be mindful that in reviewing a summary judgment motion, all inferences should be drawn in the light most favorable to Archie, the non-moving party.

## COURT'S HOLDING

Plaintiff's homeowner insurance policy with State Farm provides in pertinent part:

> Title 28, United States Code, § 1441(b) states: Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

2. *Your duties after loss.* After a loss to which this insurance may apply, you shall see that the following duties are performed.

* * * * * *

(c) Prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, actual cash value and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

(d) As often as we reasonably require:

2. Provide us with records and documents we request and permit us to make copies;

3. Submit to and subscribe, while not in the presence of any other insured:

(a) statement; and

(b) examinations under oath.

*See* Exhibit A attached to the plaintiff's complaint.

 Mississippi courts, federal and state, have found that clauses within insurance policies requiring an insured's examination under oath are valid and reasonable. *See, e.g., Gates v. State Farm General Insurance Co.,* 740 F.Supp. 1237, 1241 (S.D.Miss.1990); *Allison v. State Farm Fire and Casualty Co.,* 543 So.2d 661, 663 (Miss.1989). Insurance policy clauses mandating oral examinations have been upheld in Mississippi based on the rationale that insurance companies have the right to "possess [themselves] of all knowledge, and all information as to other sources and means of knowledge, in regard to the facts, material to their rights, to enable them to decide upon their obligations, and to protect them against false claims." *Standard Insurance Co. of New York v. Anderson,* 227 Miss. 397, 86 So.2d 298, 301 (Miss.1956) (citing *Claflin v. Commonwealth Insurance Co.,* 110 U.S. 81, 85, 3 S.Ct. 507, 513, 28 L.Ed. 76 (1883)). A consequence of this well-established and well-ingrained policy is

that an insured's refusal to submit to an examination under oath in violation of the express provisions of the insurance policy renders the policy void. *See Saucier v. United States Fidelity and Guaranty Co.,* 765 F.Supp. 334, 336 (S.D.Miss.1991); *Allison v. State Farm Fire &. Casualty Co.,* 543 So.2d 661, 663 (Miss.1989); *Home Insurance Co. v. Olmstead,* 355 So.2d 310, 313 (Miss.1978); *Taylor v. Fireman's Fund Insurance Co.,* 306 So.2d 638, 644–45 (Miss.1975); *Boston Insurance Co. v. Mars,* 246 Miss. 36, 148 So.2d 718, 719–20 (1963). If an insured is unable to attend an examination under oath, he must "as soon as possible, ... offer to submit to an examination at a later date." *Home Insurance Co. v. Olmstead,* 355 So.2d 310, 313 (Miss. 1978).

In the case *sub judice,* the plaintiff does not dispute that he has not attended an oral examination under oath. Plaintiff, however, argues to this Court that he is excused from this requirement on a principle of estoppel[5]. Specifically, plaintiff contends that the defendant, State Farm, is estopped from relying on plaintiff's refusal to submit to an oral examination and claiming that the policy is void because defendant denied plaintiff's insurance claim before ever requesting an oral examination. Plaintiff submits no documentary evidence to support any such statement. He offers no State Farm letter denying the claim, nor any correspondence that deals with the subject. Nor does plaintiff tell us when and how State Farm denied the claim.

 What plaintiff does submit are two affidavits, authored by himself and his attorney. Neither addresses the above matters and both are contradicted by State Farm's documentary proof. Plaintiff in his affidavit states that he was "first contacted" by State Farm about taking an oral examination in November of 1991, and that he then readily agreed to attend. Noticeably, this is the month that plaintiff filed

---

5. Plaintiff further asks that this Court grant him additional time to conduct discovery. This Court finds that the evidentiary material necessary for the determination of this motion is already present. Further, the plaintiff has failed to dispute crucial facts or contend that

discovery on pertinent issues would arm him with more evidentiary ammunition for a response to the defendant's motion. Accordingly, the court sees scant need for additional discovery and, thus, denies plaintiff's request for same.

his lawsuit in state court. Whether this "first contact" allegedly occurred before or after the plaintiff initiated his lawsuit in November of 1991 is unclear. However, what is clear is that plaintiff's statement is flatly contradicted by the written correspondences from State Farm on December 17, 1990, February 15, 1991, and March 21, 1991, which informed plaintiff of the defendant's need for an oral examination. Further, State Farm's letter of March 21, 1991 appears to be a response to the alleged February 27, 1991 statement of plaintiff's counsel, nine months prior to the filing of the suit, that plaintiff would not attend an examination. So, on one hand the Court has an ambiguous statement of plaintiff which is soundly contradicted and, on the other hand, the Court has documentary evidence undisputed by the plaintiff. Nowhere in his papers has plaintiff challenged the authenticity of the State Farm letters allegedly sent to him and his attorney. Nowhere in his papers does plaintiff contend that he did not receive these letters. After balancing the two alternatives, this Court must find plaintiff's affidavit wholly without credibility and competent fact. *See Tippens v. Celotex Corp.*, 805 F.2d 949, 954 (11th Cir.1986) (court may disregard affidavit on summary judgment motion if blatantly and inherently inconsistent with other documentary evidence).

The affidavit of plaintiff's counsel also fails to forestall a grant of summary judgment for the defendant. Counsel's statement is that when he was contacted in November of 1991 about submitting to an oral examination under oath, he indicated his client's willingness to consent. The affidavit does not suggest that State Farm had not previously requested a deposition, Conspicuously, the affidavit does not establish whether this event allegedly took place before or after plaintiff filed his state court lawsuit for punitive damages. Furthermore, counsel's argument before the Court seems to imply that any such acquiesce by plaintiff was but to a deposition to be taken during the course of this lawsuit. Plaintiff's agreement finally to sit for a deposition, nine months after the insured moment, after plaintiff has filed a lawsuit hardly satisfies the spirit or intent of insurance policy clauses mandating oral examinations. *See United States Fidelity and Guaranty Co. v. Wigginton*, 964 F.2d 487 (5th Cir.1992) (fact that insured waited four months to agree to submit to oral exam and consent was only until *after* filing of lawsuit, his delay was unreasonable as matter of law). An insurance company has the right to request an oral examination under oath. *Saucier v. United States Fidelity and Guaranty Co.*, 765 F.Supp. 334, 336 (S.D.Miss.1991); *Allison v. State Farm Fire & Casualty Co.*, 543 So.2d 661, 663 (Miss.1989). Submission to an exam is material to the policy agreement and a refusal by the insured to satisfy this demand works as a forfeiture of his right to recover on the policy. *Home Insurance Co. v. Olmstead*, 355 So.2d 310, 313 (Miss. 1978).

In the present case, the credible facts show that State Farm on more than one occasion advised plaintiff of plaintiff's obligations to submit to a sworn examination, but that plaintiff chose not to submit, but to file a lawsuit instead. The policy provision requiring plaintiff to submit to the examination is clear and unchallenged. The correspondence at the heart of State Farm's motion is also unchallenged and undisputed. Accordingly, the Court finds that plaintiff Archie's actions in not complying with the terms of the contract renders the policy null and void. The motion of the defendant, State Farm, for summary judgment pursuant to rule 56(c) is granted [6]. A separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure will be submitted in accord with the local rules.

SO ORDERED.

---

**6.** Plaintiff desires to amend his complaint to add a party plaintiff and defendant. However, since this Court has ruled that summary judg-

ment is appropriate, the motion is hereby denied.