343 So.2d 465 (1977)
H.W. EDMISTON, Receiver for Missouri General Insurance Company
v.
Harold T. SCHELLENGER.
No. 49166.
Supreme Court of Mississippi.
March 2, 1977.
Rehearing Denied March 30, 1977.
Darden & Sumners, Lester F. Sumners, New Albany, for appellant.
Boone & Ford, Will R. Ford, New Albany, for appellee.
Before SMITH, ROBERTSON and WALKER, JJ.
WALKER, Justice, for the Court.
On January 6, 1972, the home of Harold T. Schellenger in New Albany was destroyed by fire. The home was covered under a fire insurance policy issued by Missouri General Insurance Company. On January 19, 1972, Schellenger was interviewed by John Wade, an adjuster for the company, and signed a statement concerning the *466 circumstances of the fire. On April 4, 1972, he submitted to a full examination under oath as required by the policy. Schellenger did not sign the deposition at that time, but in July of that year he received a letter from his attorney, Lester McDonough, who informed him that the insurance company wished him to sign the original and a copy of the deposition. He refused to do so because the deposition contained certain factual inaccuracies; but, it was two and one-half years later, on January 15, 1975, when Schellenger finally submitted a corrected deposition to the company.
Schellenger brought suit on the policy on April 9, 1973, in the Circuit Court of Union County. On July 13, 1973, the insurance company raised the affirmative defense that Schellenger had voided the policy by willful concealments, misrepresentations of material facts, and false swearing. On January 24, 1975, the insurance company filed a plea in bar, maintaining that Schellenger's failure for almost three years to sign the deposition barred his suit. Along with its affirmative defense, the insurance company filed a bill of particulars, listing specific instances of misrepresentations. In his original statement on January 19, 1972, Schellenger had stated that he entered the hospital in Tupelo on January 3 and remained there until January 7. He also stated that he had never before had any sort of a fire loss. Later, in his original deposition, taken April 4, 1972, Schellenger reiterated that he had not returned to his home until January 7, but admitted that he had left the hospital on either January 4 or 5 to go to the drug store and to get some Kentucky Fried Chicken. He stated that he did not leave the hospital at all on January 6, the day of the fire. He further stated that he could not remember having had any visitors from out-of-state during the two weeks preceding the fire. Correcting his earlier statement, he admitted that his home in Illinois had burned in 1971. In his corrected deposition, submitted on January 15, 1975, Schellenger, for the first time, admitted that he had left the hospital on January 6 and had gone to his home to prepare it for the visit of his daughter and ex-wife. He also admitted that his son-in-law had been staying with him at the hospital before the fire. The evidence introduced at trial clearly established that Schellenger had made these statements at the times alleged. Furthermore, Schellenger admitted at trial, for the first time, that his son-in-law had gone to his home with him on January 6.
After hearing all the evidence, the court took the case from the jury, overruled the plea in bar, and ruled that the discrepancies in Schellenger's statement and depositions did not concern any material fact. The court rendered judgment for the plaintiff in the amount of $20,000, the full value of the policy, but allowed interest only from January 21, 1975, the date when Schellenger finally signed the deposition. The insurance company appeals from this adverse judgment, and Schellenger cross-appeals contending that interest should have been allowed from February 6, 1972.
We need not consider the insurance company's plea in bar, since we are satisfied that, on the evidence presented at trial, the company was entitled to a peremptory instruction in its favor on the ground of false swearing. The general rule is that "to constitute fraud or false swearing ... there must be false statements wilfully made with respect to a material matter and with the intention of thereby deceiving the insurer." 44 Am.Jur.2d Insurance § 1501 (1969). See Claxton v. Fidelity & Guar. Fire Corp., 179 Miss. 556, 564-66, 175 So. 210, 211-12 (1937). It is undisputed that several of the answers in Schellenger's first statement and his original deposition were, in fact, false. We must determine whether those falsehoods were material and were willfully made.
With regard to insurance investigations, this Court takes a broad view of materiality. In Standard Ins. Co. v. Anderson, 227 Miss. 397, 407, 86 So.2d 298, 301-02 (1956), we quoted Claflin v. Commonwealth Insurance Co., 110 U.S. 81, 94-95, 3 S.Ct. 507, 515, 28 L.Ed. 76, 82 (1883), to the effect that the purpose of requiring answers to such questions "was to enable the Company *467 to possess itself of all knowledge, and all information as to other sources and means of knowledge, in regard to the facts, material to their rights, to enable them to decide upon their obligations, and to protect them against false claims." From this perspective, we believe that the questions concerning Schellenger's activities on the day of the fire were most material, because of the company's need to determine the actual cause of the fire. We held similar questions to be material in Taylor v. Fireman's Fund Ins. Co., 306 So.2d 638, 643-44 (Miss. 1975). The question about out-of-town visitors was also material, since the company had a right to try to interview any persons who might have had knowledge of the fire.
Schellenger argues that these questions are now immaterial since the insurance company did not raise the defense of arson. We disagree. We believe that materiality should be judged at the time of the misrepresentation, not at the time of the trial. As we have stated, the purpose of requiring answers to questions is so that the insurance company may properly protect itself against false claims. To be effective, the investigation must be carried out at the time of the claimant's deposition, not at the time of the trial. It would be unjust to allow a claimant to misrepresent facts which might lead to a valid defense and then to allow him to escape the consequences of his falsehood simply because he had succeeded so well that the company was unable to establish the defense. We refuse to establish such a rule.
Furthermore, the evidence clearly demonstrates, as a matter of law, that these facts and statements were knowingly and willfully made since Schellenger admitted on the stand that as early as July of 1972 he knew that his original deposition contained mistakes and falsehoods. The insurance company had a right to obtain truthful answers from its insured as to material matters, and Schellenger therefore had the duty to correct his false answers at the earliest possible date. This Court has consistently held that a refusal to answer material questions will defeat recovery on the policy. See, e.g., Taylor, supra at 644-45. The effect of these decisions would be nullified if an insured could, even innocently, provide false information, and then willfully refuse to correct his mistakes for over two and one-half years. In insurance investigations, a false answer may often be worse than no answer at all. We hold that Schellenger's persistent refusal to correct his deposition constitutes a willful and knowing provision of false information to the insurance company.
The company needed to introduce no evidence to prove Schellenger's intent to deceive. Where false and material statements are knowingly and willfully made, "the intent to deceive will be implied." Claxton, supra, 179 Miss. at 566, 175 So. at 212.
Since the evidence established the insurance company's defense as a matter of law, the cause must be reversed and judgment rendered here for the appellant. Because of the reversal of the judgment, there is no need to reach the question of allowable interest presented by the cross-appeal.
REVERSED AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.