**Ronald C. DUKE, Appellant,**

v.

**HARTFORD FIRE INSURANCE COMPANY, Appellee.**

**No. 79–1677.**

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1980.

Decided March 21, 1980.

Cliff Jackson, Solloway & Jackson, Little Rock, Ark., for appellant.

William H. Sutton, Friday, Eldredge & Clark, Little Rock, Ark., for appellee; Donald H. Bacon and Overton S. Anderson, Little Rock, Ark., on brief.

Before BRIGHT, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

A fire occurring on December 24, 1974, destroyed plaintiff-appellant Ronald Duke's Garland County, Arkansas, home. Duke subsequently brought this suit to recover under a fire insurance policy issued by defendant-appellee Hartford Fire Insurance Company (Hartford). Hartford admitted that the policy was in effect and applied to

the fire in question. Hartford denied liability, however, and defended on the grounds that Duke or his agent intentionally burned the dwelling, and that certain false statements made by Duke voided the policy.

At trial, Duke admitted to making misrepresentations to Hartford during the course of its investigation of the fire. Duke's admitted misrepresentations included, *inter alia*, statements to Hartford that he had no knowledge of the cause and origin of the fire, that he was on a trip to Oklahoma at the time of the fire, and that he had neither suffered burns nor received medical treatment for burns around the time of the fire.

Duke's fire insurance policy contained the following provision:

*Concealment, fraud.* This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

The district court determined that Duke's admitted misrepresentations fell within this provision of the fire insurance policy. Accordingly, the court granted Hartford's motion for a directed verdict at the close of Duke's case and entered a judgment dismissing the action. Duke brings this appeal.

This is a diversity case in which state law governs. In such cases we give great weight to the district court's view of state law. *E. g., Foremost Insurance Co. v. Sheppard*, 610 F.2d 551, 554 (8th Cir. 1979). Appellant has not shown the district court's construction of the insurance contract to be inconsistent with the case law of Arkansas or any other jurisdiction. Indeed, both parties refer to only one case dealing with similar facts, and it supports the district court's decision. *Edmiston v. Schellenger*, 343 So.2d 465, 466–67 (Miss.1977), *citing Claflin v. Commonwealth Insurance Co.*, 110 U.S. 81, 3 S.Ct. 507, 28 L.Ed. 76 (1884). Accordingly, we affirm the district court

judgment on the basis of its unpublished memorandum opinion. *See* 8th Cir. R. 14.