United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 96-3239

Franklin D. Gregg,                *
                                     *

    Appellee,             *   Appeal from the United States
                                     *   District Court for the Eastern
    v.                      *   District of Arkansas.
                                     *

Allstate Insurance Company,  *
                                     *

    Appellant.            *

_____

Submitted: June 13, 1997

Filed: October 6, 1997
_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In this diversity action, Allstate Insurance Company appeals from a judgment entered in favor of Franklin D. Gregg after a second trial and seeks review, as well, of the district court's order granting the motion for a new trial after the first trial of the case ended in a judgment in Allstate's favor. We reverse the order granting a second trial and remand with directions to enter judgment on the first verdict.

I.

Mr. Gregg sued Allstate to recover under his insurance policy for the total loss of his house and its contents as a result of a fire. In addition, Mr. Gregg sought damages against Allstate for its alleged bad-faith refusal to pay his claim under the policy. Allstate offered the affirmative defenses that Mr. Gregg misrepresented his prior loss history on the insurance application, that he misrepresented this same loss history in a deposition taken after the fire, and that he overstated the number of personal belongings that perished in the fire.

In the first trial, the district court initially denied Allstate's motion to dismiss the claims at the end of Mr. Gregg's case; after Allstate began to present its case to the jury, however, the court dismissed the bad-faith claim. The court also indicated that it would direct a verdict against Allstate on its misrepresentation defenses that were based on the prior loss history. The only question that went to the jury, therefore, was whether Mr. Gregg misrepresented in a material way the personal belongings that were in the house at the time of the fire. The court instructed the jury, moreover, that it "was not proper to mention, or raise, the specter of arson in this case" and that the jury should therefore "not let any suggestion, innuendo, suspicion, or conjecture that arson may have been involved in this case to enter your minds or affect your deliberations in any way."

The jury found for Allstate and the district court entered judgment on the verdict. The court subsequently granted Mr. Gregg's motion for a new trial on the ground that Allstate had introduced the subject of arson into the trial in a prejudicial way.

The subject of arson, or at least the implication that arson was the cause of the relevant fire, arose at various times during the first trial. In response to a motion in limine filed by Allstate, the district court ruled that Mr. Gregg could not testify that he had not been charged with or convicted of arson. The court noted at that time,

-2-

however, that whether "a reference is permitted with respect to whether or not the defendant is asserting that civil defense of arson, that's a different question and it will depend essentially upon -- you know, I don't know how it would develop here." At a pretrial conference, Allstate explained that it might rely on circumstantial evidence of arson in the course of its defense: "We are alleging fraud as a defense as called for in the policy. It's not exactly an arson defense, but I think certainly there will be circumstantial evidence that that may have occurred." This remark passed without comment from the court or objection from Mr. Gregg.

Allstate's opening statement rehearsed an array of circumstantial evidence that it intended to introduce tending to show that someone deliberately set the fire at Mr. Gregg's house. This included the fact that Mr. Gregg invested only $5,000 of his own money in the house, that he insured it for "lots more than it was worth," that his plan to build a house for resale was frustrated by his inability to come to an agreement with the local planning board, and that the fire started soon after the last person in the house left it. Allstate also mentioned arson in its opening statement in speaking of what its fire investigator had found: "Now what he could not do, ladies and gentlemen," counsel said, "was to say this was an arson fire. He couldn't do it. He could not determine that this was an electrical fire. He could not determine exactly what started this."

After Allstate's opening statement, to which Mr. Gregg made no objection, the district court expressed to the parties its concern about the implications of arson, noting that "[a]t some point if it continues this way, I'm going to have to make it clear what the defendant is depending on, what the basis of the defense is, and [that] it has to do with alleged misrepresentations in connection with the application and after the fire with respect to the deposition and also with respect to what the proof of loss showed was in the house."

The subject of arson arose next during the cross-examination of Richard Stark (the boyfriend of Mr. Gregg's daughter), who was the last person in the house before the fire. Allstate asked, "Do you remember anything about having a conversation with Mr. Gregg and him asking you to burn that place?" When Mr. Stark denied having any such recollection, Allstate asked whether Mr. Stark had "told anyone since then ... in your family that he paid you to burn that place?" Mr. Stark then denied making any such statement.

After this line of questioning, which also was not objected to, the district court entirely of its own volition acted to establish that there was some basis for the questions about arson. The court took testimony by telephone, outside the presence of the jury, from a police officer who was said to be the source of the information that provided the basis for the questions. After that conversation, the court was satisfied that there was some basis for the questions.

After the dismissal of the bad-faith claim and two of Allstate's affirmative defenses, the subject of arson arose again only in the closing arguments. Allstate revisited the circumstantial evidence adverted to in the opening statement, and referred to other evidence, such as the fact that Mr. Gregg moved valuable items away from the house before the fire. There was again no objection: Mr. Gregg instead chose to argue that Allstate improperly raised the matter of arson and that it was "beating the arson drum."

II.

We frequently afford great deference to the grant of a new trial by a district court. For instance, the question of whether a closing argument was of such a prejudicial nature as to warrant a new trial is left to the discretion of the court, which is in a better position to determine the extent of the prejudice. Vanskike v. Union Pacific Railroad Co., 725 F.2d 1146, 1149 (8th Cir. 1984). A district court abuses its

discretion, however, if it bases its grant of a new trial on an error of law.  Mears v. Nationwide Mutual Insurance Co., 91 F.3d 1118, 1123 (8th Cir. 1996).

In this case, the district court's grant of a new trial was evidently based on its ruling on the question of arson that followed the motion in limine.  In any event, the court said in its order granting Mr. Gregg's motion for a new trial that Allstate's "failure throughout the trial to honor the letter and the spirit of the Court's ruling on this matter resulted in extreme prejudice to the Plaintiff."  We therefore first review the nature of the ruling to which the court adverted in its order.

We note that the record is not entirely free from ambiguity as to when, or even if, a ruling with regard to arson was made.  As we indicated, Allstate announced before the trial its intention to introduce evidence of arson, and there was no objection to this planned course of action from Mr. Gregg or the district court.  Allstate's opening statement manifested a similar intention, also without objection.  The questioning of Mr. Stark likewise passed unobjected to, and the court's concern at that point was apparently confined to whether the questions had some foundation.

In its closing argument, Allstate revisited the suggestions made in its opening statement.  It argued, among other things, that "[u]nless there was design, thinking ahead, scheming, why else would someone put a small television in a place where a big one was supposed to be, claim a big one and not claim the small one?"  This argument, which clearly implied that the destruction of Mr. Gregg's house was the result of arson, passed without objection by Mr. Gregg, but soon thereafter the district court cautioned that it was "hearing echoes of arson" and that it "wanted to mention it to [Allstate] so you'll be careful not to cross into that, okay?"  After this caution, Allstate nevertheless adverted to the fact that Mr. Gregg took away a valuable boat immediately preceding the fire.

We need not determine the exact limits of the district court's ruling, or its precise timing, because we think that on this record the evidence tending to show arson was properly before the jury as a matter of law. With regard to Allstate's defense to Mr. Gregg's bad-faith claim, suspicion of arson would certainly be a reasonable explanation for why, in light of the need for investigation, Mr. Gregg's claim might have taken longer than usual to process. Indeed, the court conceded as much. We think too that the evidence was relevant to Allstate's defense with respect to Mr. Gregg's alleged misrepresentations on the loss form. Evidence suggesting that Mr. Gregg deliberately caused the fire supported Allstate's contention that while Mr. Gregg claimed that his house contained goods of high quality, it was actually sparsely furnished; that is because if Mr. Gregg committed arson, that would tend to prove that he removed valuable items from the house prior to the fire. Finding the evidentiary ruling wrong as a matter of law, we therefore hold that the grant of a new trial was an abuse of discretion.

III.

For the reasons stated above, we remand the case to the district court for the reinstatement of the first verdict.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-