# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4208

_____

George and Retta Willis,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellees,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　　　*　Appeal from the United States
　　　　　　　　　　　　　　　　　*　District Court for the Western
State Farm Fire　　　　　　　　　 *　District of Arkansas.
and Casualty Company,　　　　　　 *
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　 *

_____

Submitted:  June 14, 2000

Filed: August 14, 2000

_____

Before BOWMAN, FLOYD R. GIBSON,[1] and MORRIS SHEPPARD ARNOLD,
　　　Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

　　　State Farm sold a fire insurance policy to George and Retta Willis that covered
their home and its contents, and when the Willises' home burned down they filed a
claim of loss.  State Farm refused to pay the Willises' claim, asserting that the fire was
the result of arson to which one or both of the Willises were a party, and also that one

_____

[1]Complications from an automobile accident have prevented Judge Gibson from
reviewing this opinion prior to its being filed.

or both of the Willises knowingly misrepresented material facts on their claim of loss and during State Farm's investigation of the fire.

The Willises sued State Farm and the case went to trial, with State Farm continuing to assert the separate defenses of arson and misrepresentation. The jury was unable to decide whether State Farm's defense of arson was meritorious, but found that the Willises had knowingly misrepresented material facts with the intent of deceiving or perpetrating a fraud on State Farm. The trial court entered judgment in favor of State Farm on this ground.

The Willises then moved for judgment as a matter of law, *see* Fed. R. Civ. P. 50(a), and, in the alternative, for a new trial, *see* Fed. R. Civ. P. 50(b), Fed. R. Civ. P. 59(a), on the ground that State Farm had failed to present sufficient evidence that the Willises had made any material misrepresentations. The trial court agreed, finding that, in light of the jury's inability to conclude that the Willises or their agents had committed arson, the jury could not reasonably have concluded that any of the statements that State Farm cited were both false and material. The trial court granted the Willises' motion for judgment as a matter of law, but, rather than enter judgment for the Willises, ordered a new trial to give State Farm the opportunity to correct the defects in its proof, *see* Fed. R. Civ. P. 50(c)(1), Fed. R. Civ. P. 59(a). The court also conditionally granted the Willises' motion for a new trial for the same reasons, *see* Fed. R. Civ. P. 50(c)(1), Fed. R. Civ. P. 59(a). State Farm appeals and we reverse.

## I.

We review the trial court's grant of judgment as a matter of law *de novo*. *See Butler v. French*, 83 F.3d 942, 943 (8th Cir. 1996). In ruling upon a motion for judgment as a matter of law, we view the evidence in the light most favorable to the jury's verdict, meaning that all factual conflicts are resolved, and all reasonable inferences are drawn, in a manner that supports the verdict. *See Askew v. Millerd*, 191

F.3d 953, 957 (8th Cir. 1999). A post-trial motion such as the one in this case should be denied if the evidence so viewed would allow reasonable jurors to reach the same conclusion that the jury in fact came to.

The Willises' insurance policy provided that their coverage was void if they "intentionally concealed or misrepresented any material fact or circumstance relating to [the] insurance, whether before or after a loss." State Farm presented evidence of a number of misstatements that the Willises made during the course of its investigation of the fire. First, there was testimony that Mr. Willis told its investigator that he did not think that Ms. Willis played any role in setting the fire, but Karen Cravens, a friend of Mr. Willis, testified that Mr. Willis had told her that he thought that Ms. Willis had started the fire because he had seen Ms. Willis moving personal items out of the house shortly before the fire started. State Farm contends that Mr. Willis lied to its investigator about a material fact when he denied any belief that Ms. Willis had started the fire, and also that he had concealed an obviously important fact, namely, that he had seen Ms. Willis moving personal items out of the home prior to the fire.

The trial court found that Ms. Cravens's testimony was inadequate to prove material misstatements by Mr. Willis because it was "too vague." When asked whether Mr. Willis told her that his wife burned the house, however, Ms. Cravens responded with an unambiguous "yes." Ms. Cravens also explicitly testified that Mr. Willis told her that he thought that his wife burned the house because he saw Ms. Willis moving a few personal items out of the house. We think that this testimony is sufficiently specific to allow the jury to find both that Mr. Willis was lying when he told State Farm that he did not suspect that his wife was involved in the fire, and that he was concealing the fact that he had seen her moving personal items from the home prior to the fire.

The trial court emphasized that Ms. Cravens never specifically identified any items that Ms. Willis had allegedly removed prior to the fire that were later claimed by the Willises to have been destroyed in the fire, and thus found that "there was no means

-3-

to connect George Willis's statement with the plaintiffs' ... sworn proof of loss." We believe that this conclusion is based on a misconception of the law. The jury was instructed correctly, and without objection, that a fact or circumstance is material if "it pertains to facts that are relevant to the company's rights to enable the company to decide upon its obligations and to protect itself against false claims." A misrepresentation may thus be material even if it does "not ultimately prove to be significant to the disposition of the claim, so long as it was reasonably relevant to the insurer's investigation at the time," *Wagnon v. State Farm Fire and Casualty Co.*, 146 F.3d 764, 768 (10th Cir. 1998).

We think, therefore, that the alleged admissions that Mr. Willis made to Ms. Cravens are material ones even though they do not explicitly relate to the items included on the claim of loss that the Willises submitted. A jury could reasonably find that Mr. Willis's suspicion that his wife started the fire, and his observation of her removing property from the home shortly before the fire, were relevant to the insurance company's investigation of the fire, and to its ability to protect itself against false claims. If such information had come to light at an earlier point in the investigation, the direction of the investigation and the resources allocated by State Farm to conduct it might very well have been different and more effective.

The Willises also contend that Mr. Willis's alleged admissions could not be material on the ground that they related to a possible arson by his wife because the jury was ultimately unable to conclude that either of the Willises committed arson. All of the courts that have considered this issue, however, have held (we think correctly) that the materiality of a statement is to be evaluated as of the time that the statement was made, not in light of the facts as they are later revealed to be. *See, e.g.*, *id.* and *Fine v. Bellefonte Underwriters Insurance Co.*, 725 F.2d 179, 183 (2d Cir. 1984), *cert. denied*, 469 U.S. 874 (1984).

In this case, the suggestion that arson was the cause of the fire, and that Ms. Willis was the perpetrator, would unquestionably have been material at the time that Mr. Willis disavowed any suspicion of his wife to the investigator. We agree with the Mississippi Supreme Court that "[i]t would be unjust to allow a claimant to misrepresent facts which might lead to a valid defense and then to allow him to escape the consequences of the falsehood simply because he had succeeded so well that the company was unable to establish the defense," *Edmiston v. Schellenger*, 343 So. 2d 465, 467 (Miss. 1977), cited with approval in *Duke v. Hartford Fire Insurance Co.*, 617 F.2d 509, 510 (8th Cir. 1980) (*per curiam*) (applying Arkansas law).

The Willises also argue that State Farm made no showing that it had actually relied on Mr. Willis's misstatements, or that it would have done anything different had Mr. Willis told the truth. The jury was not instructed, however, that a showing of reliance was necessary, and the Willises did not object to the jury instruction. We think, moreover, that the instruction was correct: Although reliance must be shown in a claim for fraud in the inducement, *see General Casualty Insurance Cos. v. Holst Radiator Co.*, 88 F.3d 670, 671 (8th Cir. 1996) (applying Missouri law), courts have generally held that reliance is not an element of an insurer's defense of fraud or false swearing. *See, e.g.*, *Michigan Millers Mutual Insurance Corp. v. Benfield*, 140 F.3d 915, 923 (11th Cir. 1988) (applying Florida law); *Patterson v. State Automobile Mutual Insurance Co.*, 105 F.3d 1251, 1253 (8th Cir. 1997) (applying Missouri law); and *Pink Cadillac Bar and Grill v. United States Fidelity and Guaranty Co.*, 925 P.2d 452, 461 (Kan. Ct. App. 1996) (applying Kansas law). An exception to this general rule exists, of course, if a statutory provision specifically makes a party's reliance an element of the defense of fraud or false swearing, *see, e.g.*, *McCullough v. State Farm Fire and Casualty Co.*, 80 F.3d 269, 272 (8th Cir. 1996) (applying a Nebraska statute), but no such statutory provision currently exists in Arkansas.

We do not think that the recent Arkansas Supreme Court case that the Willises point to, *Farm Bureau Mutual Insurance Co. v. Foote*, 14 S.W.3d 512 (Ark. 2000),

is to the contrary. Although the Arkansas court interpreted the language of the insurance contract in *Foote*, 14 S.W.3d at 522-23, to require a misstatement to be "material" before an insured's claim could be denied, the court did not consider the matter of reliance at all. Nor do we think that Ark. Code Ann. § 23-79-107, mentioned in passing in *Foote*, 14 S.W.3d at 523, has any application to our case. That statute describes only the conditions under which an insurer may avoid liability due to misstatements made in the application for insurance. As is typically the case with the defense of fraud in the inducement, § 23-79-107(c) suggests that some showing of reliance is necessary. As we have said, however, our case does not involve fraud in the inducement, but rather the insurer's defense of fraud or false swearing.

The Willises argue finally that State Farm failed to introduce any evidence that would allow a jury to find that Mr. Willis's misstatements were made with the intent of deceiving and perpetrating a fraud on State Farm. It is well known, however, that an actor's intent "is rarely capable of proof by direct evidence and must usually be inferred from the circumstances" in which the relevant act occurs, *Gregory v. State*, 15 S.W.3d 690, 693 (Ark. 2000). We think, therefore, that although State Farm did not introduce direct evidence of Mr. Willis's intentions, the jury could reasonably infer that Mr. Willis intended the ordinary and probable consequences of his actions. *See Bennett v. State*, 36 S.W. 947, 948 (Ark. 1896). In this case, the jury could reasonably have found that Mr. Willis was lying when he told the State Farm investigator that he did not suspect his wife's involvement with the fire, and the jury could reasonably have inferred as well that the reason for the lie was to perpetrate a fraud.

## II.

State Farm also questioned Ms. Willis's contention that $10,000 in cash, which she said was stored in a cabinet in the same room in which she was sleeping, was destroyed during the fire. State Farm argues that Ms. Willis's assertion that she did not have time to retrieve the cash is particularly hard to believe in light of the evidence that she had found time to retrieve her fire insurance policy.

-6-

The trial court did not explicitly address the question of whether Ms. Willis lied when she stated that $10,000 in cash had burned in the fire. The Willises point out, however, that under their insurance policy no more than $200 in lost or burned cash was recoverable. The Willises note, moreover, that they were underinsured and that their declared losses substantially exceeded the policy limit even if none of the $10,000 was included in the claim of loss. The Willises argue, therefore, that any statement regarding the $10,000 in cash, even if untrue, could not be considered material.

We think, however, that a reasonable jury could have believed that Ms. Willis's assertion that she lost $10,000 in the fire was a material misstatement of her financial condition, as well as an attempt to quiet any suspicion that she set the fire, because no one would deliberately burn $10,000 in uninsured cash. A jury could thus have found that her statement was an attempt to deceive the insurer with respect to material facts even if the insurer was unable to prove arson or, indeed, never even asserted it as a defense. *See Edmiston*, 343 So. 2d at 467.

The Willises cite *Security Insurance Co. v. Smith*, 35 S.W.2d 581 (Ark. 1931), and two Missouri cases that were designated as not to be officially published, *see Miller v. Great American Insurance Co.*, 61 S.W.2d 205 (Mo. Ct. App. 1933), and *Wittels Loan and Mercantile Co. v. Liberty Fire Insurance Co.*, 273 S.W. 192 (Mo. Ct. App. 1925), for the proposition that an exaggerated claim is not material unless it leads to an increase in the insurer's liability. We think, however, that these cases are not apposite. A jury could reasonably have found that Ms. Willis's statement about the cash was material, not because the falsehood went to the amount of the claim but because it could have hindered State Farm's investigation of the fire.

We note, moreover, that the cases cited by the Willises are of limited persuasive value. The analysis in *Smith*, 35 S.W.2d at 583, depended on a liquidated damages statute that is no longer in effect, and more recent decisions from states other than Arkansas have held that misstatements of value can be material even if the uncontested

-7-

losses exceed the policy limit. *See*, *e.g.*, *Webb v. American Family Mutual Insurance Co.*, 493 N.W.2d 808, 811 (Iowa 1992), and *Mutual of Enumclaw Insurance Co. v. Cox*, 757 P.2d 499, 502 (Wash. 1988) (*en banc*) (remarking that "[d]ishonesty by insureds cannot be ignored").

At oral argument the Willises also argued that State Farm failed to produce any evidence refuting Ms. Willis's claim that $10,000 was in the cabinet. We note, however, that a jury is free to disbelieve any witness, even if the testimony is uncontradicted or unimpeached. *See Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 797-98 (6th Cir. 1996), *cert. denied*, 519 U.S. 992 (1996). Although we agree that State Farm bears the burden of proving its defense, the jury is permitted to draw reasonable inferences from the evidence, *see Richard Short Oil Co., Inc. v. Texaco, Inc.*, 799 F.2d 415, 419 (8th Cir. 1986), and in this case we think that the jury could reasonably have found that Ms. Willis was lying about leaving $10,000 in a cabinet a few feet away from where she was sleeping, particularly if the jury believed the evidence that she had found time to retrieve her fire insurance policy before leaving the home.

## III.

The trial court based its conditional grant of the Willises' motion for a new trial on the same analysis that it used to assess their motion for judgment as a matter of law. For the reasons already indicated, we believe that the court construed the scope of State Farm's defense of fraud and false swearing too narrowly, and that this error of law requires us to vacate the court's grant of a new trial. *See Gregg v. Allstate Insurance Co.*, 126 F.3d 1080, 1082 (8th Cir. 1997).

We therefore vacate the trial court's order awarding judgment as a matter of law and a new trial to the Willises, and we remand the case to the trial court with instructions to enter judgment in favor of State Farm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.